(No. 38196.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* EVERETT STRAYHORN, Plaintiff in Error.

*Opinion filed Nov. 19, 1965.—Rehearing denied Sept. 21, 1966.*

42

PATRICK J. CARAHER and MYRON M. CHERRY, both of Chicago, appointed by the court, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH, Assistant Attorney General, and ELMER C. KISSANE and E. JAMES GILDEA, Assistant State's Attorneys, of counsel,) for the People.

Mr. CHIEF JUSTICE KLINGBIEL delivered the opinion of the court:

The defendant, Everett Strayhorn, together with William Gregory, was tried by jury in the criminal court of Cook County in 1950 for the crime of murder, found guilty and sentenced to the penitentiary for a term of 199 years. The judgment of conviction was reversed by this court and the cause remanded for a new trial. (*People v. Gregory*, 22 Ill.2d 601.) The defendant and Gregory were again tried by jury and found guilty and the defendant was sentenced to the penitentiary for a term of 40 years. We have issued a writ of error to review the second judgment of conviction as to the defendant Strayhorn.

.The defendants were charged and found guilty of the

murder of a tavern employee during the course of an attempted armed robbery of the tavern. The evidence showed that 5 men participated in the actual robbery of the tavern while the 6th man remained in a car outside. Three persons were subsequently arrested and they implicated the defendant who was arrested the following morning and taken to police headquarters where he was identified by one of the tavern owners as one of the men who had participated in the robbery. The defendant participated in a re-enactment of the shooting and a short time thereafter signed a confession admitting his participation.

Two of the points raised by the defendant on this writ of error may be considered together. He contends that the court erred in denying his motion for severance and that the court erred in admitting in evidence a joint confession to which he was not a party. It is the rule that persons indicted together should be tried together and that the matter of granting a severance is within the sound judicial discretion of the trial court. (*People* v. *Grilec,* 2 Ill.2d 538, 547.) However, where it appears that the defenses of the co-defendants are antagonistic, or that confessions made by an accomplice outside of the presence of a defendant may be admitted in evidence, the motion for severance should be allowed. (*People* v. *Clark,* 17 Ill.2d 486, 490.) Based largely upon the fact that a joint statement by the other participants, in which the defendant did not join, was admitted in evidence at the joint trial, the defendant contends that the denial of his motion for severance was prejudicial error. One of the exceptions to the rule above stated is that a severance is not required if, in the confessions of the accomplices, all references to the party applying for a severance are eliminated. (*People* v. *Lindsay,* 412 Ill. 472.) In the present case it appears that in the joint confession there were repeated references to a participant in the crime known as "Don". There was testimony that Gregory had told the police the proper names of 5 of the participants, but had

referred to the sixth only as "Don". Since only five men were accounted for by name the defendant contends that the jury would draw the unmistakable inference that the person named as "Don" was actually the defendant. In a conference between the court and counsel prior to the admission in evidence of the joint confession, it was agreed that all references to Don would be stricken and the symbol "X" would be substituted. However, when one of the prosecutors read the joint confession to the jury, he read the following question and answers:

"Q. Who was in the car at the time?

A. Billy Gregory.

Q. He was behind the wheel?

A. Yes, sir, and Don, he, X, was in the car."

The defendant argues that the prosecutor thereby identified the person named "X" as the same person as "Don" who, in turn, it is claimed, had been identified as the defendant. In the absence of the fact that the defendant's individual confession was admitted in evidence, the defendant's claim that he was prejudiced thereby might have some merit. (*Cf. People* v. *Johnson,* 13 Ill.2d 619.) However, in a case quite similar to the present case, in which a sentence of death was imposed, we held that it was not prejudicial error to admit an accomplice's statement in which the defendant did not join where the defendant had executed a similar statement, which was admitted in evidence. In *People* v. *Lindsay,* 412 Ill. 472, there were 5 participants in the crime. Some of the defendants executed joint statements in which other defendants did not join and two of the defendants executed individual statements. One joint statement was taken from all of the defendants. All of the statements were admitted in evidence after a preliminary hearing to determine their voluntary nature. The three defendants who were sentenced to death claimed that the court erred in denying their motion for severance and in admitting in evidence confessions to which they

were not parties. After stating the usual rule that motions for severance should be granted where it appears that the confession of an accomplice would be introduced in evidence against a defendant who had not joined therein, we held that there was no error in denying the motion for severance and in admitting all of the confessions because of the fact that the complaining defendants had themselves confessed and admitted substantially the same set of facts. We believe that the *Lindsay* case is controlling here. The defendant contends that *Lindsay* is not decisive because the joint confession here, in which the defendant did not join, was a detailed document, whereas the defendant's individual confession was much shorter and did not contain all of the details contained in the joint confession. We believe that the alleged distinction is immaterial. In his individual confession the defendant admitted his participation in the crime and his version of the crime was substantially similar to the more detailed account contained in the joint confession. We find no prejudicial error in the denial of the defendant's motion for severance, insofar as it was based upon the admission in evidence of the joint confession. Defendant further claims that his defense and Gregory's were inconsistent. The record does not support the claim. The defendant's defense was that he was not present at the crime. When Gregory testified in his own defense he also said that the defendant had not been present at the time of of the crime. The defenses were not antagonistic and the court did not err in denying defendant's motion for a severance on that ground.

The defendant also contends that his confession and the evidence of his participation in the re-enactment was improperly admitted because the State failed to meet its burden of proof that it was voluntary. He first argues that it was the duty of the State to introduce all of its evidence on the question of the volunary nature of the confessions before any evidence was required on the part of the defend-

ant. The record shows that the State offered the testimony of the court reporter who took the defendant's statement, who testified that no coercive acts occurred during the taking of the confession. The State then rested its case on the issue of the voluntary nature of the confession and the defendant proceeded to relate several instances in which he was allegedly mistreated and threatened. The State then produced numerous witnesses who denied any of the acts charged by the defendant. In *People* v. *Davis,* 10 Ill.2d 430, 439, we cited with approval *People* v. *Fox,* 319 Ill. 606, where we held that the order of proof in a hearing to determine the voluntary nature of a confession is largely within the discretion of the trial judge, and that it is only necessary for the prosecution to make a *prima facie* case and that the State was not required to produce all its evidence before any evidence is produced on behalf of the accused. We find no prejudicial error in the procedure adopted by the trial court in the present case. It is also urged that the confession should not have been admitted because all of the material witnesses were not called. Specifically, the defendant argues that all the witnesses present at the re-enactment should have been called by the State. In *People* v. *Joe,* 31 Ill.2d 220, we reaffirmed our holding in *People* v. *Sims,* 21 Ill.2d 425, that only material witnesses need be called and that it is not necessary to call as witnesses all persons who had any contact with the defendant. The defendant did not claim that any coercive tactics were used at the time of the re-enactment and we are of the opinion that the rule requiring all material witnesses to testify has been satisfied. As to the merit of the defendant's claim that his confession was involuntary because it was the product of physical violence and threats, we believe it is sufficient to say that the testimony of the defendant was denied by all persons who allegedly mistreated him, and that their testimony was corroborated by others present at

the time these alleged acts occurred. The question of whether the confession was voluntary was a question of fact for the trial court to determine and we will not disturb its ruling.

Finally, with respect to the confession, the defendant, relying upon *Escobedo* v. *Illinois,* 378 U.S. 478, 12 L. ed. 2d 977, 84 S. Ct. 1758, argues that his confession was inadmissible because his request to see a lawyer prior to the time he confessed was denied. The defendant's testimony that he requested a lawyer and that his request was refused was denied by the officer to whom he allegedly addressed the request, and the trial judge, in his capacity as the trier of the facts at the preliminary hearing, could properly have believed the officer instead of the defendant. Defendant argues however, that even if it be conceded that the defendant's testimony that he requested counsel is disputed the confession should be held inadmissible because there is no showing that the defendant was advised as to his right to counsel and his right to remain silent. We held in *People* v. *Hartgraves,* 31 Ill.2d 375, that failure to so advise an accused does not compel rejection of his confession. We therefore hold that admission in evidence of the defendant's confession was not error.

Another argument advanced by the defendant is that he was deprived of his right to a fair trial by the conduct and remarks of the State's Attorney. In certain questions directed to a prosecution witness the prosecutor referred to the persons who participated in the robbery as "stick-up men" and this remark is claimed by the defendant to be so prejudicial as to require a new trial. We find no merit to the claim. It was undisputed that these persons were attempting an armed robbery of the tavern and the theory under which all of the persons were tried for murder was that the killing occurred during the course of the attempted robbery. The description of the men as "stick-up men" was

not prejudicial error. Another instance of alleged improper conduct occurred during the prosecutor's final argument. There had been evidence that two of the witnesses for the prosecution were returned from distant States by the prosecution and that the State was paying their expenses. In his argument the prosecutor said, "I think our officers try to do their jobs. Brought in witnesses from all over. The budget, I have to answer all kinds of questions about the airplanes." The defendant contends that this reference to the budget was an appeal to the jurors' interest as taxpayers. While this remark was improper it was not sufficient to constitute reversible error.

The defendant's final argument is that the evidence was insufficient to establish his guilt. In addition to the defendant's confession and his participation in the re-enactment, one of the tavern owners positively identified the defendant as one of the participants in the attempted robbery out of which the murder arose. The defendant points out certain inconsistencies between the testimony of the owner at the former trial and at this trial. When it is considered that 12 years intervened between the trials, it is only natural that there would be some inconsistencies and the fact remains that the owner did identify the defendant at both trials. We are of the opinion that the evidence was sufficient to establish the defendant's guilt beyond a reasonable doubt.

After considering all of the arguments advanced by the defendant and the complete record, we are of the opinion that the defendant received a fair trial, free from prejudicial error. The judgment of the criminal court of Cook County is therefore affirmed.

*Judgment affirmed.*