THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* MARK O. McMULLEN, Defendant-Appellant.

Fourth District   No. 16249

Opinion filed September 24, 1980.

Daniel D. Yuhas and Lawrence Bapst, both of State Appellate Defender's Office, of Springfield, for appellant.

Thomas J. Difanis, State's Attorney, of Urbana (Gary J. Anderson and Denise M. Paul, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. PRESIDING JUSTICE MILLS delivered the opinion of the court:

Two defendants.

A question of severance.

The trial court said no.

We say yes.

We reverse and remand.

McMullen and Willie Luckett were charged with two counts of indecent liberties with a child, two counts of contributing to the sexual delinquency of a child, one count of aggravated battery, and one count of public indecency. The charges stem from an incident at the Urbana High School in which the defendants are alleged to have lewdly fondled a 15-year-old complainant. Following a joint trial, the jury found defendant guilty of all the charges. Defendant was sentenced to a term of probation of 2½ years with the condition that he serve the first 3 months and every weekend thereafter for 9 months in the county jail.

Prior to trial, defendant filed a motion requesting a severance of his trial from that of Luckett. At the hearing on this motion, defense counsel advised the court that Luckett had made pretrial statements which incriminated defendant and that defendant would be prejudiced if Luckett testified in conformance with these statements. In response to the prosecutor's assurance that "we have no intention of using that statement" and would therefore avoid any problem under *Bruton v. United States* (1968), 391 U.S. 123, 20 L. Ed. 2d 476, 88 S. Ct. 1620, defense counsel restated his belief that defendant would still be prejudiced if Luckett testified at trial and implicated defendant. The court concluded, however, that a severance was not warranted and denied defendant's motion.

At trial, the complainant testified that defendant and Luckett came over to her desk and touched her while their teacher was out of the room. Her testimony was corroborated by two other students who testified that defendant and Luckett touched the complainant on her breasts and legs. The State's final witness was Phillip Button, a teacher at the Urbana High School, who testified that all the students involved in this incident were classified as educationally mentally handicapped and had IQs of between 50 and 70 to 75.

Defendant presented his defense first and called Luther Nolan who testified that defendant and Luckett did not touch the complainant. Defendant then took the stand and denied getting out of his seat and touching the complainant. Defendant also testified that Luckett stood by the complainant's seat while the teacher was absent. Defendant concluded his presentation of evidence by calling Doctor Eva Maurer, a psychologist with the Urbana High School, for an offer of proof. Doctor Maurer gave testimony concerning each defendant's IQ and achievement level. However, the court sustained the State's objection to this offer of proof on the grounds that the evidence was insufficient to base a defense of insanity and that defendant's raising of this defense was untimely.

Testifying on his own behalf, Luckett admitted that both he and defendant left their seats while their teacher was out of the room and touched the complainant on her breasts and legs. Luckett stated that he believed the complainant was 16 years or older at the time of the incident. On cross-examination, the court allowed the State to impeach Luckett with the pretrial statement in which he stated that he and defendant touched complainant on the breasts and legs.

Defendant first argues that he was denied his right to a fair trial when the trial court denied his request for a severance. Defendant cites *People v. Strayhorn* (1965), 35 Ill. 2d 41, 219 N.E.2d 517, where the supreme court noted *in dictum* that a motion for severance should be allowed where it appears that defenses of codefendants are antagonistic. Defendant argues that such antagonism existed here since one of the defendants testified implicating the other. *People v. Precup* (1977), 50 Ill. App. 3d 23, 365 N.E.2d 1007, *affirmed* (1978), 73 Ill. 2d 7, 382 N.E.2d 227.

In arguments before this court, the State conceded that the defenses of Luckett and defendant were antagonistic but argued that defendant failed to adequately demonstrate to the court precisely how his defense and that of Luckett's would be antagonistic. In particular, the State argued that the trial court was not apprised of what defendant's defense would be. The State cites *People v. Yonder* (1969), 44 Ill. 2d 376, 256 N.E.2d 321, *cert. denied sub. nom. Guido v. Illinois* (1970), 397 U.S. 975, 25 L. Ed. 2d 270, 90 S. Ct. 1094, where the court affirmed a trial court's denial of a severance after it found the allegations in the severance petition to be insufficient.

■■ This court has recently considered this issue in *People v. Jones* (1980), 81 Ill. App. 3d 724, 401 N.E.2d 1325. There, a defendant argued that a trial court erred in denying his motion for severance where his petition alleged that a codefendant would testify that defendant was present at the scene of a crime. At the hearing on the motion, defendant's counsel explained to the court that defendant would testify that he was not present at the time the crime was committed. On review, this court noted that a reviewing court must judge a trial court's severance ruling on the basis of the sufficiency of the petition requesting the severance and will not consider what subsequently happened during the course of the trial. However, the court concluded that the representations of counsel made at the hearing on the motion could be considered in determining whether an antagonism of defenses was demonstrated. The court concluded that the defenses of the defendant and his co-defendant were antagonistic and that the trial court had been aware of this antagonism at the time the severance ruling was made. The court therefore concluded that the trial court erred in denying the severance.

As in *Jones*, we believe that the trial court in the instant case was adequately informed of what defendant's defense would be at trial and how it would be antagonistic with the defense of Luckett. The severance motion itself indicates that both defendant and Luckett had made exculpatory statements on their own behalf. At the hearing on the motion, defense counsel clearly explained how Luckett's pretrial statements were inculpatory of the defendant. Although defense counsel did not expressly state what exculpatory statement defendant had made, the trial judge in ruling on the motion seems to have understood that defendant would deny participating in the incident. The court stated:

> "In other words, I'm not sure as I ask the question, if two defendants are prosecuted in the same case, and each defendant fully testifies and says, I didn't do it, the other guy did it, or one says I didn't do it, the other guy did it, as might occur here, is this the kind of prejudice under Section 114—8 referred to, as being a ground for a motion for severance?"

■■ In sum, we conclude that defendant's allegations and arguments were sufficient to show the antagonism between the defenses of defendant and Luckett and that the trial court erred in denying the severance motion. Therefore, defendant's convictions must be reversed and the cause remanded for retrial.

Defendant also argues that the trial court erred in excluding the testimony of the psychologist. Defendant contends that the testimony concerning defendant's low IQ was relevant to the determination of whether he had the requisite mental state for the crimes.

■■■ We, however, find no error in the exclusion of this testimony. It is

well established that a subnormal mentality is not a defense to a crime unless a defendant is unable to distinguish between right and wrong with respect to the act in question. (*People v. Marquis* (1931), 344 Ill. 261, 176 N.E. 314; *People v. Jenko* (1951), 410 Ill. 478, 102 N.E.2d 783.) Moreover, even if Doctor Maurer's testimony was admissible, the exclusion of her testimony was harmless since the jury learned of defendant's low IQ through the testimony of Phillip Button. A court's rejection of evidence is not prejudicial where substantially the same evidence is admitted at some other stage of the trial. *People v. Wallenberg* (1962), 24 Ill. 2d 350, 181 N.E.2d 143; *People v. Driver* (1978), 62 Ill. App. 3d 847, 379 N.E.2d 840.

■■ Finally, we note an error in sentencing, although defendant did not raise the issue in this appeal. We conclude that the sentence imposed in this case violates the Unified Code of Corrections.

Four sections of the Code (Ill. Rev. Stat. 1979, ch. 38, par. 1001—1—1 *et seq.*) must be read in an interrelated fashion. Section 5—6—3(d) permits up to 6 months' imprisonment as a condition of probation, and section 5—6—3(e) permits a combination of probation and periodic imprisonment. However, section 5—7—1(c) provides: "The court shall not impose a sentence of periodic imprisonment if it imposes a sentence of imprisonment upon a defendant in excess of 30 days." Under section 5—7—1(d) the maximum periodic imprisonment for a Class 3 felony is 18 months.

Consequently, the trial court must make a choice: If straight time of more than 30 days as a condition of probation is imposed, it cannot impose in addition any periodic imprisonment. On the other hand, if it foregoes more than 30 days straight time, it may impose up to 18 months' periodic imprisonment as a probation condition.

By imposing 3 months straight time and 9 months of periodic imprisonment in the county jail as conditions of probation, the court under the Code imposed excessive straight time.

For the reasons stated, defendant's convictions are reversed and remanded for retrial.

Reversed and remanded.

CRAVEN and WEBBER, JJ., concur.