THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. VATENESS JOHNSON, Defendant-Appellant.
Third District   No. 3—85—0753

Opinion filed January 29, 1987.

Pamela A. Peters and Thomas A. Lilien, both of State Appellate Defender's Office, of Ottawa, for appellant.

Edward Petka, State's Attorney, of Joliet (Gary F. Gnidovec, of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE SCOTT delivered the opinion of the court:

The defendant-appellant, Vateness Johnson, and her husband, Frank A. Johnson, were indicted on charges of murder, felony murder, and two counts of aggravated battery stemming from the death of Judy Moses and injuries to her sister, Quiana Moses. Following a joint jury trial, both defendants were convicted on all charges, and Mrs. Johnson was subsequently sentenced to concurrent terms of imprisonment of 60 years for each murder conviction and 10 years for each aggravated-battery conviction.

Codefendant, Frank A. Johnson, appealed earlier his convictions and sentences to this court. This court reversed his conviction and granted a new trial on the ground that he and Mrs. Johnson should have been tried separately. (*People v. Johnson* (1986), 144 Ill. App. 3d 997.) The general nature and the facts of the cause underlying the instant appeal have been presented in the opinion issued in Mr. Johnson's appeal and need not be reiterated in this opinion.

In her appeal, Mrs. Johnson raises a number of errors which she claims resulted in a denial of her right to a fair trial. The first assignment of error which we will consider is her contention that she was denied the right to a fair trial as a result of the trial court's refusal to sever her case from the codefendant, Mr. Johnson. Counsel for Mr. Johnson filed a pretrial motion for severance alleging two grounds as a basis for granting a separate trial. First, that Mrs. Johnson had made prior statements implicating her husband, thereby interfering with his constitutionally guaranteed right of confrontation. (*Bruton v. United States* (1968), 391 U.S. 123, 20 L. Ed. 2d 476, 88 S. Ct. 1620.) Second, that the defenses of both defendants were totally adverse and antagonistic, in that counsel for Mrs. Johnson asserted their defense would be that Mr. Johnson functioned as a mastermind in the events that led to the death of Judy Moses and injury to Quiana Moses.

At Mr. Johnson's pretrial motion for severance hearing, Mrs. Johnson's counsel orally joined in the motion and represented to the court that his strategy of defense would be consistent with Mrs. Johnson's pretrial statements that "this was all Frank's idea." The trial court denied Mr. Johnson's motion and ordered the prosecution not to present at trial Mrs. Johnson's admissions which implicated him.

Prior to the start of trial, the trial court heard Mrs. Johnson's written motion to sever wherein she alleged she should be tried separately because Mr. Johnson had made statements to the police implicating her in the alleged murder and that he would again implicate her at trial as the person who beat Judy Moses. Mrs. Johnson's counsel reiterated that the defenses of both defendants would be antago-

nistic because Mr. Johnson could not present his defense without attacking the defendant. This motion for severance was also denied.

Prior to the completion of jury selection, Mrs. Johnson's counsel again renewed her motion for severance alleging that the antagonism between the two defendants had become more pronounced. Counsel asserted that Mrs. Johnson was no longer aware of her statements, denied any knowledge of what had happened, and that she would be repudiating her statements and throwing the burden on Mr. Johnson. The trial court again denied her motion for severance.

■ As this court noted in its earlier opinion, it is fundamental that a defendant is entitled to be tried by an unbiased jury and to be judged on the merits of his case. (*People v. Bean* (1985), 109 Ill. 2d 80, 485 N.E. 2d 349.) Further, the law generally holds that jointly indicted defendants should be tried together, unless fairness to one of the defendants requires a separate trial to avoid prejudice. (*People v. Daugherty* (1984), 102 Ill. 2d 533, 468 N.E.2d 969.) However, if a defendant believes that prejudice will result from a joint trial, he may file a motion for severance wherein he must outline to the court how he might be prejudiced. (*People v. Lee* (1981), 87 Ill. 2d 182, 429 N.E.2d 461; Ill. Rev. Stat. 1983, ch. 38, par. 114—8.

■ ■ In acting on a motion for severance, the trial court must take into consideration the averments and arguments of defense counsel and any other knowledge of the case developed from the proceedings to that point. (*People v. McMullen* (1980), 88 Ill. App. 3d 611, 410 N.E.2d 1174.) The trial court must make a prediction regarding what, if any, prejudice may result to the defendant if he were jointly tried and, absent an abuse of discretion, a trial court's ruling generally will not be reversed. *People v. Canaday* (1971), 49 Ill. 2d 416, 275 N.E.2d 356.

■ Our review of the record in the instant case reveals that the trial court was sufficiently aware of the antagonism which existed between Mr. and Mrs. Johnson prior to trial. Both defendants intended to place the blame on the other in an effort to assert their own innocence. Further, both defendants were forced to defend against the accusations and allegations of the other, as well as those of the People. The trial court's failure to grant Mrs. Johnson's motion resulted in prejudice which rose to the level of denying her right to a fair trial. The record is replete with instances which illustrate resulting prejudice to her as a result of the trial court's denial of her motion for severance.

Though our supreme court in the recent case of *People v. Bean* (1985), 109 Ill. 2d 80, 95, 485 N.E.2d 349, 356, in reviewing whether

a defendant and a codefendant's defenses were so antagonistic as to require severance, stated "[t]here is no requirement that the prejudice must be symmetrical," we find the circumstances presented to the trial court in the defendant's respective motions for severance met the threshold test of antagonistic defenses requiring severance to ensure a fair trial for both parties. We find, therefore, that the trial court's refusal to sever Mrs. Johnson's case from that of Mr. Johnson denied her the right to a fair trial.

The second assignment of error which we will consider is Mrs. Johnson's contention she was denied her due process of law when the trial court denied her motion to reopen the proofs to allow her to testify in her own defense.

After the People rested their case, Mr. Johnson presented evidence on August 1, 1985. On the following Monday, August 5, proceedings commenced wherein Mrs. Johnson was to present her case. Counsel for Mrs. Johnson immediately obtained a 10-minute recess to confer with her and, following the recess, counsel informed the bench that Mrs. Johnson was incapable of testifying in her defense and therefore would rest her case. The remainder of the proceedings on August 5 was devoted to the jury instruction conference which was to be completed before presentation of closing arguments on the next day.

On August 6, Mrs. Johnson's counsel immediately requested leave to reopen the defense so that she could testify. Counsel stated to the court that Mrs. Johnson was more composed and therefore was willing to testify. The People and Mr. Johnson's attorneys objected to the reopening of the proofs, and the trial court denied Mrs. Johnson's motion.

During argument on the motion for leave to reopen, the People asserted that Mrs. Johnson had changed her mind about testifying because she learned that a potential rebuttal witness would not be available to testify on that day, as opposed to a change within 24 hours in her emotional state. The record indicates that the rebuttal witness would not have been available on the day Mrs. Johnson rested her case. Further, Mrs. Johnson agreed to stipulate to the statements given by the rebuttal witness earlier so that she could testify.

●5, 6 Though it is within the discretion of the trial court to determine the question of whether to grant a defendant's motion to reopen the proofs, a trial court should not exclude defense testimony except in the most extreme circumstances. (*People v. Franceschini* (1960), 20 Ill. 2d 126, 169 N.E.2d 244.) It is a fundamental constitutional right for a defendant to testify in his own defense. (*People v.*

*Knox* (1978), 58 Ill. App. 3d 761, 374 N.E.2d 957; *Alicea v. Gagnon* (7th Cir. 1982), 675 F.2d 913; Ill. Const. 1970, art. I, sec. 8.) Society's interest in the efficient administration of justice has to be balanced with a defendant's constitutional right to a fair opportunity to defend. *People v. Lott* (1977), 66 Ill. 2d 290, 362 N.E.2d 312.

█ Our review of the record reveals that the People's opportunity to rebut Mrs. Johnson's testimony had not changed from August 5 to August 6. The granting of the motion to reopen to allow Mrs. Johnson's testimony would not have disrupted the orderly flow of the trial in any significant way. Further, though the court found Mrs. Johnson emotionally fit to stand trial, the People's examining psychiatrist testified that she became emotionally upset and depressed when confronted with her case. It is plausible, therefore, that her decision to testify or not to testify stemmed from her emotional state, as opposed to an intentional manipulation of the trial process. We find the trial court committed reversible error when it refused to reopen the case and allow Mrs. Johnson to exercise her constitutional right to testify in her own defense.

As noted above, Mrs. Johnson alleges additional errors in the record of this trial; however, our disposition of this case in regard to the issues of severance and the reopening of the proofs renders it unnecessary to consider these additional alleged errors as they are not likely to recur in a new trial.

Based on the foregoing, we find that the trial court erroneously denied Mrs. Johnson's motion to sever her trial from that of Mr. Johnson and the trial court erroneously refused to reopen the proofs at trial to allow her to testify. We hold that the judgment of the circuit court of Will County be reversed and the cause be remanded for a new trial.

Reversed and remanded.

BARRY and STOUDER, JJ., concur.