THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
THOMAS L. TOMPKINS, Defendant-Appellant.
Third District   No. 3—87—0347

Opinion filed November 7, 1988.

246

Judith L. Libby, of State Appellate Defender's Office, of Springfield, for appellant.

John A. Barra, State's Attorney, of Peoria (Cynthia N. Schneider, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE WOMBACHER delivered the opinion of the court:

A jury convicted the defendant, Thomas L. Tompkins, of armed violence, aggravated battery and unlawful use of weapons. The trial court fined the defendant $1,000 plus restitution and sentenced him to concurrent terms of six years' imprisonment for the armed violence conviction and 364 days for the unlawful use of weapons conviction.

On direct appeal to this court, the defendant argued that his armed violence conviction should be reversed because the jury's verdict was based on impermissible double enhancement. He also argued that he should be credited with a reduction in his fine due to the time he served in jail prior to his convictions. We granted him credit toward his fine and affirmed the remainder of the trial court's judgment. *People v. Tompkins* (1985), 137 Ill. App. 3d 1160 (unpublished Rule 23 order).

The defendant subsequently filed a *pro se* petition for leave to appeal, which we denied. On May 6, 1986, he filed a *pro se* petition for post-conviction relief, asserting that his trial counsel had acted incompetently, that certain witnesses against him had lied, and that he had been "set up." On May 23, 1986, the defendant filed another *pro se* petition for post-conviction relief, asserting that he had not received the *Miranda* warnings. The defendant apparently also filed an

"Amended Petition For Post Conviction Relief," though that petition shows no filing date. In his amended petition, the defendant asserted due process and double enhancement grounds to challenge his conviction for armed violence.

The circuit court appointed counsel to represent the defendant in the post-conviction proceedings. The State filed a motion to dismiss the defendant's petitions for post-conviction relief.

On June 27, 1986, the defendant's counsel filed an amended petition for post-conviction relief, asserting that the defendant was denied effective assistance of counsel because his trial counsel failed both to appropriately cross-examine witnesses and to investigate inconsistencies in the witnesses' statements. The amended petition further asserted that the defendant was denied due process when the State based its prosecution on the results of the alleged victim's polygraph test, but did not offer the defendant a chance to take a polygraph test.

The trial court held a hearing on the State's motion to dismiss and found that the defendant had waived the ineffective assistance of counsel issue by failing to raise it on appeal. Further, the court found that the polygraph allegation was not a ground for post-conviction relief.

On October 4, 1986, the defendant filed a *pro se* "Post Conviction Petition Brief For Relief" with the chief judge of the circuit court. In his brief, the defendant asserted that his trial counsel was incompetent and that he was denied due process when the State did not offer him an opportunity to take a polygraph test. The chief judge redocketed the cause and appointed counsel for the defendant.

On April 3, 1987, the defendant filed a *pro se* "Amended Petition For Post Conviction Relief." In this petition he asserted that his rights were violated when he was not given the *Miranda* warnings upon arrest, when he was denied effective assistance of counsel, when he was not allowed to take a polygraph test, when the police improperly investigated his case, and when mendacious statements were made during his trial. His appointed counsel did not file a post-conviction petition.

At the hearing on the defendant's April 3 petition, the State stood on its previous motion to dismiss. The trial court granted the State's motion, finding that all the matters raised in the defendant's petition were raised and decided on appeal, should have been raised on appeal, or were not within the scope of the Post-Conviction Hearing Act (Ill. Rev. Stat. 1985, ch. 38, par. 122—1 *et seq.*).

The defendant now appeals the dismissal of his post-conviction pe-

titions. Specifically, the defendant argues that he was entitled to an evidentiary hearing on his claims of ineffective assistance of counsel and the use of perjured testimony.

■ The Post-Conviction Hearing Act (the Act) was designed to afford a convicted person an opportunity to inquire into the constitutional integrity of the proceedings in which his conviction was entered. (*People v. Howard* (1981), 94 Ill. App. 3d 797, 419 N.E.2d 702.) Where a person convicted of a crime has appealed from the judgment of conviction on a complete record, the judgment of the reviewing court is *res judicata* as to all issues actually decided by the court; all issues which could be presented to the reviewing court are waived if not presented. *People v. Johnson* (1978), 63 Ill. App. 3d 745, 380 N.E.2d 531.

■ An evidentiary hearing under the Act should be granted only if the petition makes a substantial showing of a constitutional violation; conclusional allegations are not sufficient to require such a hearing. (*People v. Jones* (1977), 66 Ill. 2d 152, 361 N.E.2d 1104.) Failure to allege specific facts is not remedied merely by asserting that the generic charges amount to deprivation of due process. (*People v. Orndoff* (1968), 39 Ill. 2d 96, 233 N.E.2d 378.) Thus, while ineffective assistance of counsel may be an appropriate subject of a petition for post-conviction relief, the petition must contain more than a catalogue of failures on the part of the defense counsel; it must contain factual allegations which, when supported by evidence, will show substantial prejudice to the defendant's rights and from which it can be established that the outcome of the trial, had those failures not occurred, would probably have been different. *People v. Browry* (1972), 8 Ill. App. 3d 599, 290 N.E.2d 650.

■ With regard to an allegation of perjury, the petition or accompanying affidavit must identify with reasonable certainty the source from which the alleged evidence of perjury would be forthcoming, that the evidence is available, and of what it would consist. *People v. Gendron* (1969), 41 Ill. 2d 518, 244 N.E.2d 149.

■ Having examined the defendant's various petitions, we note, as he apparently concedes in arguing only the ineffective assistance and perjury issues, that the remaining issues were decided on direct appeal, waived for failure to raise them on direct appeal, or not of constitutional proportions. We further note that the ineffective assistance and perjury issues are intertwined, in that the primary basis of the defendant's contention that his counsel was ineffective is his contention that his counsel failed to expose certain witnesses' perjuries. However, the defendant does not in any of his petitions or affidavits

identify any sources from which the alleged evidence of perjury would be forthcoming or of what it would consist. Instead, he merely cites certain trial testimony and argues its implausibility.

We find that the defendant's petitions and affidavits regarding ineffective assistance of counsel and perjury present merely conclusional allegations. The trial court therefore properly dismissed the defendant's petitions without an evidentiary hearing.

The judgment of the circuit court of Peoria County is affirmed.

Affirmed.

STOUDER, P.J., and SCOTT, J., concur.