THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DANIEL J. PIPER, Defendant-Appellant.

Fifth District   No. 5—92—0481

Opinion filed June 8, 1995.

Robert Agostinelli and Verlin R. Meinz, both of State Appellate Defender's Office, of Ottawa, for appellant.

Kevin S. Parker, State's Attorney, of Effingham, and James L. Gitz, of Freeport (Norbert J. Goetten and Stephen E. Norris, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE WELCH delivered the opinion of the court:

On June 11, 1992, petitioner, Daniel J. Piper, filed in the circuit court of Effingham County a *pro se* petition for relief under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122—1 *et seq.* (West 1992)). That petition was summarily dismissed by the circuit court pursuant

to section 122—2.1 of the Act (725 ILCS 5/122—2.1 (West 1992)), as barred by principles of waiver and *res judicata.* Petitioner appeals. For reasons which follow, we reverse the dismissal of the post-conviction petition and remand this cause for further proceedings under the Act.

Following a jury trial, petitioner was convicted of aggravated criminal sexual assault and aggravated criminal sexual abuse and sentenced to 24 years' imprisonment on the aggravated criminal sexual assault conviction. No sentence was entered on the conviction for aggravated criminal sexual abuse. On direct appeal, petitioner's conviction and sentence for aggravated criminal sexual assault were affirmed by this court, and his conviction for aggravated criminal sexual abuse was vacated. *People v. Piper* (1991), 207 Ill. App. 3d 1124, 588 N.E.2d 589 (unpublished order pursuant to Supreme Court Rule 23 (134 Ill. 2d R. 23)).

Petitioner's *pro se* post-conviction petition alleged, in pertinent part:

> "Petitioner was prohibited by trial counsel from testifying on his own behalf. He asked his trial lawyer to allow him to testify. Counsel told the defendant that he could not testify. Defendant did not know that he could bring this matter to the attention of the trial judge."

The petition was accompanied by an affidavit of petitioner verifying the petition as true to the best of his information and belief. In a docket entry order, the circuit court dismissed the petition, finding that the issue raised could have been raised on direct appeal and was therefore waived or barred by *res judicata.* Accordingly, the petition was dismissed pursuant to section 122—2.1 of the Act as frivolous and patently without merit.

An action brought under the Post-Conviction Hearing Act is not an appeal, but a collateral attack on a judgment of conviction. The purpose of the proceeding is to resolve allegations that constitutional violations occurred at trial when those allegations were not, or could not have been, adjudicated previously. (*People v. Sanders* (1991), 209 Ill. App. 3d 366, 373, 568 N.E.2d 200, 204.) Thus, where a person convicted of a crime has appealed from the judgment of conviction on a complete record, the judgment of the reviewing court is *res judicata* as to all issues actually decided by the court, and all issues which could have been presented to the reviewing court, but were not, are deemed waived. (*People v. Tompkins* (1988), 176 Ill. App. 3d 245, 248, 530 N.E.2d 677, 679.) However, a defendant is not precluded from raising, by way of a petition under the Act, constitutional questions which, by their nature, depend upon facts not found in the record.

(*People v. Thomas* (1967), 38 Ill. 2d 321, 323, 231 N.E.2d 436, 437.) The waiver doctrine does not apply to issues raised in a post-conviction petition which stem from matters outside the record and which therefore could not have been brought on direct appeal. *People v. Lee* (1989), 185 Ill. App. 3d 420, 427, 541 N.E.2d 747, 751.

■ In the instant case, petitioner did not raise in his direct appeal the issue of whether his attorney deprived him of his constitutional right to testify in his own behalf. However, that issue is one which can be proven only by facts (if they exist) outside the record, and therefore, the issue could not have been raised on direct review. The allegations contained in petitioner's petition require an inquiry into certain matters outside the record. Accordingly, the issue of whether petitioner's trial counsel deprived him of his constitutional right to testify in his own behalf is not barred by waiver or *res judicata*, and the trial court erred in so finding.

Nor can there be any question that the issue raised by petitioner's petition, whether he was deprived of his right to testify in his own behalf, is of constitutional magnitude. The right of a criminal defendant to testify in his own behalf at his trial is a fundamental constitutional right. (*People v. Johnson* (1987), 151 Ill. App. 3d 1049, 1053, 504 N.E.2d 178, 181.) The denial of a defendant's right to testify can be a constitutional violation in and of itself, since a criminal defendant's prerogative to testify is a fundamental right which only the defendant may waive, and the question of the exercise of that right is not a matter of a strategic or tactical decision best left to trial counsel. (*People v. Powers* (1994), 260 Ill. App. 3d 163, 172, 631 N.E.2d 862, 867.) Thus, the petitioner has raised an issue subject to review under the Post-Conviction Hearing Act. See 725 ILCS 5/122—1 (West 1992).

The State asks us to affirm the dismissal of the petition on a different basis, that the petition itself is insufficient to state the "gist of a meritorious claim" under the Act. As the State correctly points out, this court can affirm the judgment of the trial court on any ground warranted by the record, regardless of the reasons relied on by the trial judge. (*People v. McNair* (1985), 138 Ill. App. 3d 920, 922, 486 N.E.2d 941, 943.) The State argues that the post-conviction petition here contains mere conclusory allegations and insufficient detail and factual support to present a meritorious claim and was therefore properly dismissed. We do not agree.

In *People v. Dredge* (1986), 148 Ill. App. 3d 911, 500 N.E.2d 445, this court concluded that, in order to withstand dismissal at the first stage of post-conviction proceedings, a petition for post-conviction relief need only contain a simple statement which presents the gist

of a claim for relief which is meritorious when considered in view of the record of the trial court proceedings. The court pointed out that *pro se* post-conviction petitioners are often persons of limited education and that requiring them to state their claims in any greater detail than this would have the practical effect of depriving many such persons of their right of meaningful access to the courts.

In *Dredge*, a defendant's post-conviction petition alleging that her trial counsel was ineffective because he "did not allow her to testify on her own behalf" was summarily dismissed as frivolous and wholly without merit pursuant to section 122—2.1 of the Act. This court reversed the dismissal, holding that petitioner's post-conviction petition adequately stated a claim of a deprivation of her constitutional right to testify at her trial where the petition was verified and was uncontradicted by anything appearing in the trial record. The petition was at least sufficient to require the circuit court to appoint counsel to represent defendant and to docket the cause for further consideration under the Act.

■ We note that the post-conviction petition filed in the instant case contains more factual allegations than did the one in *Dredge*, and it is verified and is uncontradicted by anything in the record of the trial court proceedings. Furthermore, failure to allege the nature or substance of the intended testimony or that counsel used undue influence or coercion in denying the right to testify is not fatal to the petition. *People v. Seaberg* (1994), 262 Ill. App. 3d 79, 83, 635 N.E.2d 126, 130.

In arguing that the petition filed in the instant case is insufficient, the State relies primarily on *People v. Lemons* (1993), 242 Ill. App. 3d 941, 613 N.E.2d 1234, which sought to clarify the court's holding in *Dredge*, while adopting and ratifying it. In *Lemons*, defendant filed a *pro se* post-conviction petition alleging ineffective assistance of counsel in that her counsel had "coerced" her into pleading guilty. This petition was dismissed by the trial court as frivolous and patently without merit pursuant to section 122—2.1 of the Act. The trial court noted that the petition contained no facts supporting the claim of coercion.

On appeal, petitioner argued that her petition contained the "gist of a meritorious claim" as required by *Dredge*. The *Lemons* court disagreed, pointing out that the petition contained no allegation by defendant of how, when, or where her trial counsel coerced her into pleading guilty. The court held that the "gist of a meritorious claim" mentioned in *Dredge* is not just a bare allegation of a deprivation of a constitutional right. The *pro se* defendant must plead sufficient *facts* from which the trial court could find a valid claim of a deprivation of

a constitutional right. The language contained in *Dredge* that a post-conviction petitioner need only set forth the gist of a meritorious claim means only that the *pro se* petitioner need not construct legal arguments nor even understand what legal arguments the facts presented might support. Instead, the trial court should consider the petition at the first stage to determine whether it contains sufficient facts upon which a meritorious constitutional claim could be based.

The court pointed out in *Lemons* that the defendant did not allege in her petition just what bad things her trial counsel did to lead her to claim that she was coerced into pleading guilty. The court found defendant's claim that her trial counsel coerced her into pleading guilty to be entirely conclusory and utterly devoid of even a hint of what facts might underlie that claim. The petition simply failed to contain factual averments.

The State argues that the petition in the instant case, like that in *Lemons,* contains only conclusory allegations and no factual support for those allegations. We do not agree. The allegation in *Lemons* that counsel "coerced" defendant into pleading guilty is a conclusory allegation. There are underlying facts which could be pled to support the conclusion of coercion, *e.g.*, counsel threatened defendant, or counsel tortured defendant, or counsel held a gun to defendant's head, to get her to plead guilty against her will. As the court in *Lemons* pointed out, petitioner did not allege any facts to support her conclusion of coercion, and a post-conviction petition must contain allegations of fact.

In the instant case, the allegations that petitioner asked his attorney to allow him to testify and that his attorney told him he could not are not "conclusory," as the State characterizes them. These allegations are factual. Unlike *Lemons*, there are no underlying facts which must be pled. There may be additional facts which could be pled, such as when the conversation between defendant and counsel took place, where it took place, and exactly what was said. But the allegations pled by petitioner here are factual and not conclusory and are sufficient to state a meritorious claim of a substantial deprivation of a constitutional right: "[Petitioner] asked his trial lawyer to allow him to testify. Counsel told the defendant that he could not testify. Defendant did not know that he could bring this matter to the attention of the trial judge." Even if the allegation in the petition that "[p]etitioner was prohibited by trial counsel from testifying on his own behalf" is found to be conclusory, it is supported by the foregoing factual allegations contained in the petition. While the petition could have contained more detail, such as where the conversation took place, exactly when the conversation took place, and exactly

what was said, it states sufficient facts from which a trial court could find a valid claim of a deprivation of a constitutional right.

The State argues that *Lemons* requires something more than *Dredge*. We simply do not read *Lemons* that way and find no inconsistency between the two cases. Clearly, the *Lemons* court found no inconsistency between the two cases since it clearly adopted and ratified *Dredge*.

■ The State asks us to affirm the trial court's judgment on yet another ground: that defendant was not prejudiced by his inability to testify because the evidence of his guilt is overwhelming. The State points out that on direct appeal, this court found the evidence of defendant's guilt to be overwhelming within the context of defendant's claim of ineffective assistance of counsel, and therefore any trial error was not prejudicial. At this point in these post-conviction proceedings, we are not in a position to find harmless error, especially given the importance of a defendant's fundamental constitutional right to testify in his own behalf at trial. At this stage of the proceedings, we are unaware of what defendant's testimony at his trial might have been and cannot evaluate how that testimony might have impacted the jury. The record at this point does not support a finding of harmless error.

■ There is one final matter we must dispose of. The State has filed a motion to strike a portion of the defendant's reply brief which, it argues, raises a matter not raised before the trial court and not properly raised before this court. The defendant filed a response to the motion, the State filed a reply, and we ordered that the motion be taken with the case. We hereby grant the State's motion to strike that portion of the defendant's reply brief beginning with the words "This Court" six lines up from the bottom of page five, through the end of the third line down from the top of page six, and Appendix A, following page eight of defendant's reply brief. The stricken material was not considered by this court in reaching its decision herein.

For the foregoing reasons, the judgment of the circuit court of Effingham County is reversed, and this cause is remanded for further proceedings under the Post-Conviction Hearing Act.

Reversed and remanded; motion granted.

MAAG, P.J., and CHAPMAN, J., concur.