10 January 2000

NO. 5-96-0780

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

________________________________________________________________________

THE PEOPLE OF THE STATE OF ILLINOIS, )  Appeal from the

)  Circuit Court of

     Plaintiff-Appellee, )  St. Clair County.

)

)  No. 94-CF-529

)

KEITH L. WILLIAMS, )  Honorable Lloyd A. Karmeier and

)  Honorable Robert P. LeChien,

     Defendant-Appellant. )  Judges, presiding.

________________________________________________________________________

PRESIDING JUSTICE GOLDENHERSH delivered the opinion of the court:

Following a jury trial in the circuit court of St. Clair County, a jury convicted defendant, Keith L. Williams, of first-degree murder (720 ILCS 5/9-1(a) (2) (West 1992)).  Defendant was sentenced to 50 years in the Department of Corrections.  Defendant, through his appointed attorney, filed a timely notice of appeal from his conviction and sentence.  While defendant's direct appeal was pending, defendant filed a 
pro se
 postconviction petition, alleging, 
inter alia
, that a photographic lineup was suggestive and prejudicial. Defendant's 
pro se
 postconviction petition was dismissed with prejudice.  Defendant filed a notice of appeal from the summary dismissal of his postconviction petition, and an attorney was appointed to represent defendant in this appeal.  The issues we are asked to address are (1) whether the trial court erred in summarily dismissing defendant's postconviction petition with prejudice where it was filed prior to the filing of a brief on direct appeal and (2) whether the trial court further erred in summarily dismissing the 
pro se
 postconviction petition which set forth a claim that defendant's rights had been violated with regard to the photographic lineup.  We reverse and remand.

PROCEDURAL BACKGROUND

On June 25, 1994, defendant was charged by criminal complaint with the June 23, 1994, murder of  Gary L. Triplett.  Ultimately, defendant was tried and convicted in a jury trial that ended on August 9, 1995.  On November 23, 1995, defendant filed a notice of appeal from his conviction for first-degree murder.  The Office of the State Appellate Defender was appointed to represent defendant in his direct appeal.

On September 13, 1996, defendant filed a 
pro se
 postconviction petition, alleging, 
inter alia
, that he was denied a fair trial on the basis that the photographic lineup utilized in this case was suggestive and prejudicial.  At the time defendant filed his postconviction petition, a brief had yet to be filed in his direct appeal.  On October 16, 1996, the circuit court summarily dismissed defendant's postconviction petition, stating in pertinent part as follows:

"At this time an appeal is pending in the Appellate Court of Illinois, Fifth District, and the post[]conviction petition is pending therein.  The Court finds that the petition is patently without merit and dismisses same with prejudice for the reason that the allegations in the petition relate to issues that should be addressed on appeal."

On November 7, 1996, defendant filed a timely notice of appeal from the above order.

While the instant  appeal was pending, a panel attorney of the Appellate Defender's office filed a motion to withdraw from the direct appeal.  However, that motion was later withdrawn and a brief was filed in the direct appeal.  The issues in the direct appeal were (1) whether the trial court committed error by failing to appoint counsel to represent defendant during proceedings on his 
pro se
 posttrial motion, (2) whether the posttrial motion was given proper consideration by the trial court, and (3) whether defendant was given proper credit against his sentence for time served in Missouri prior to transfer to Illinois.  We affirmed defendant's conviction in a Rule 23 order (166 Ill. 2d R. 23) but remanded for a recalculation of the sentence credit.  
People v. Williams
, No. 5-95-0884 (December 31, 1997).  In this appeal, we address the dismissal of defendant's 
pro se
 postconviction petition.  

ANALYSIS

The first issue we are asked to address is whether the trial court erred in summarily dismissing defendant's postconviction petition with prejudice.  Defendant contends that the trial court erred because it did so on the basis that a direct appeal was pending at the time the postconviction petition was filed.  Defendant argues that there is no procedural bar to filing a postconviction petition prior to the filing of the brief on direct appeal.  Defendant asserts that instead of dismissing his petition with prejudice, the trial court should have either held it in abeyance pending the direct appeal or dismissed it without prejudice, which would have allowed him to refile once the brief on direct appeal was filed.  The State responds that the trial court did not dismiss defendant's postconviction petition on the basis that a direct appeal was pending but rather dismissed it because it found that it was "patently without merit."  According to the State, since defendant's postconviction petition raised an issue that could have been raised on direct appeal, the trial court correctly dismissed the petition as being without merit because the appellate decision on direct appeal would have been 
res judicata
 if the issue were raised in the direct appeal or the issue would have been waived if not raised.  Moreover, the State contends that the lineup issue lacked merit and that defendant has failed to show prejudice because there were witnesses at trial who identified defendant as the person who shot the victim.  After careful consideration, we agree with defendant.

Initially, we must decide whether the summary dismissal order incorrectly terminated defendant's postconviction petition.  The summary dismissal order is subject to plenary review by this court.  See 
People v. Coleman
, 183 Ill. 2d 366, 701 N.E.2d 1063 (1998).  After reviewing the recent history of the standard of review, the court concluded that the question of the sufficiency of a petition's allegations is a question of law at this initial stage and, as such, is a "legal inquiry requiring plenary appellate review."  
Coleman
, 183 Ill. 2d  at 388, 701 N.E.2d at 1075.

The Post-Conviction Hearing Act (the Act) sets forth the following time requirements for filing a petition:

"(c) No proceedings under this Article shall be commenced more than 6 months after the denial of a petition for leave to appeal or the date for filing such a petition if none is filed or more than 45 days after the defendant files his or her brief in the appeal of the sentence before the Illinois Supreme Court (or more than 45 days after the deadline for filing of the defendant's brief with the Illinois Supreme Court if no brief is filed) or 3 years from the date of conviction, whichever is sooner, unless the petitioner alleges facts showing that the delay was not due to his or her culpable negligence."  725 ILCS 5/122-1(c) (West 1996).   

The Act (725 ILCS 5/122-1 
et seq.
 (West 1996)) does not contain a provision barring a trial court from considering a postconviction petition while a direct appeal of a defendant's criminal conviction is pending.  It has been held that in the absence of such a provision barring consideration of a postconviction petition while a direct appeal is pending, a trial court's dismissal of a petition without an evidentiary hearing must be based upon specific allegations appearing in the petition.  
People v. Edsall
, 94 Ill. App. 3d 469, 473, 418 N.E.2d 943, 946 (1981).

In the instant case, the trial court specifically stated that it found defendant's petition  to be "patently without merit"; however, the trial court went on to say that it was dismissing  the petition "with prejudice for the reason that the allegations of the petition relate to issues that should be addressed on appeal."  This language creates an ambiguity, which we construe in favor of defendant.  Overall, the language indicates to us that the trial court dismissed because a direct appeal of defendant's criminal conviction was pending and it believed that the issues raised in the postconviction petition could be raised in the direct appeal.  

Our concern is the fact that the trial court dismissed the petition "with prejudice."  The term "with prejudice" applied in this manner is conclusive to the rights of the parties, as if the action had been prosecuted to a final adjudication adverse to defendant who petitioned for relief and indicates that defendant will not be allowed to replead or refile.  See 
O'Hara v. State Farm Mutual Automobile Insurance Co.
, 137 Ill. App. 3d 131, 133, 484 N.E.2d 834, 836 (1985).  The Act contemplates the filing of only one postconviction petition.  725 ILCS 5/122-3 (West 1996).  While section 122-3 of the Act is not an ironclad bar to multiple postconviction petitions (
People v. Free
, 122 Ill. 2d 367, 376, 522 N.E.2d 1184, 1188 (1988)), we can understand how defendant, a 
pro se
 petitioner, might believe that he was without recourse to file another postconviction petition because his first postconviction petition is dismissed "with prejudice." 

Postconviction relief constitutes a collateral attack on the validity of a conviction.  It follows that questions raised and decided on direct appeal are 
res judicata
.  It further follows that issues that could have been raised, but were not, are waived.  Here, the postconviction petition was summarily dismissed on October 16, 1996, prior to a brief ever being filed in the direct appeal.  A brief was not filed in the direct appeal until August 5, 1997, almost two years after defendant was convicted.  Defendant had no way of knowing what issues would be raised by appellate counsel in that brief.  While it is true that any claim that could have been presented on direct appeal but was not is deemed waived and may not be raised in a postconviction petition, a failure by defense counsel to raise a viable issue could constitute ineffective assistance of counsel and that issue could be raised in a postconviction petition.  Ineffective assistance claims constitute a constitutional issue that often, by their very nature, depend on facts not apparent on the face of the record and may be properly raised in a postconviction motion.  See 
People v. Piper
, 272 Ill. App. 3d 843, 846, 651 N.E.2d 739, 741 (1995).

We agree with defendant that in the instant case the trial court went too far when it dismissed his postconviction petition "with prejudice."  Defendant was obviously concerned about the time requirements of section 122-1(c) of the Act.  We refuse to cut off defendant's postconviction rights because defendant attempted to be prompt and file his petition in a timely manner.  We agree with defendant that the trial court would have better served the interests of justice by holding the petition in abeyance until appellate counsel filed a brief in the direct appeal or by dismissing the petition "without prejudice," thus allowing defendant the opportunity to refile his postconviction petition once he determined what issues were raised by his counsel in the direct appeal.  Accordingly, we find that the trial court erred in summarily dismissing defendant's postconviction petition with prejudice.  We, therefore, reverse the judgment of the circuit court of St. Clair County and remand to the trial court for further proceedings consistent with the Act and our determination herein.

Because of our determination on the first issue, we need not consider the second issue  raised by defendant.  That issue should be decided by the trial court on remand.  Additionally, we note that on remand defendant should be allowed to take into consideration the issues raised in his direct appeal and to replead his postconviction petition, should he so desire.

For the foregoing reasons, the judgment of the circuit court of St. Clair County is hereby reversed, and this cause is remanded for further proceedings.

Reversed and remanded.

HOPKINS and KUEHN, JJ., concur.