THE PEOPLE OF THE STATE OF ILLINOIS, Respondent-Appellee, v.
BRAD LIEBERMAN, Petitioner-Appellant.

Second District   Nos. 2—87—0627, 2—87—1193 cons.

Opinion filed July 28, 1989.

G. Joseph Weller and Paul J. Glaser, both of State Appellate Defender's Office, of Elgin, for appellant.

Fred L. Foreman, State's Attorney, of Waukegan (William L. Browers, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE McLAREN delivered the opinion of the court:

Defendant appeals from two orders of the circuit court of Lake County. On June 29, 1987, the court dismissed defendant's second petition for post-conviction relief. On July 1, 1987, the court found, upon remand of part of defendant's first petition for post-conviction relief, that the jury in defendant's trial was not tainted by prejudicial publicity. We affirm.

Defendant Brad Lieberman (Lieberman) was convicted of rape (Ill. Rev. Stat. 1979, ch. 38, par. 11—1(a)), robbery (Ill. Rev. Stat. 1979,

ch. 38, par. 18—1), and intimidation (Ill. Rev. Stat. 1979, ch. 38, par. 12—6(a)(1)) in the circuit court of Lake County in 1980. The conviction and sentences were affirmed in a Rule 23 order issued on December 7, 1982.

On March 23, 1984, Lieberman filed a petition for post-conviction relief. The public defender was appointed to the case, and supplemental petitions were filed on Lieberman's behalf. The circuit court denied this petition on October 15, 1984. This court affirmed in part, and remanded for an evidentiary hearing on Lieberman's contention that the jury had been tainted by prejudicial publicity. The supreme court denied leave to appeal the portions affirmed.

Lieberman sought leave to file a second petition for post-conviction relief in these proceedings, alleging the ineffective assistance of his attorney at trial, the ineffective assistance of his attorney at the hearing for post-conviction relief, and the existence of a new scientific test to prove his innocence. The circuit court denied leave to do so, and Lieberman appealed. The appeal was dismissed when, upon the filing of the second petition, Lieberman withdrew his appeal.

Meanwhile, the State filed a motion to dismiss the second petition for post-conviction relief. The circuit court dismissed the petition following a hearing on June 29, 1987. The court then held the evidentiary hearing, required by the remand order, on the issue of jury exposure to prejudicial publicity. The court found adversely to Lieberman. It is from these rulings that Lieberman now appeals.

■■ The first issue is whether the circuit court properly dismissed Lieberman's second petition for post-conviction relief. To begin with, Lieberman's contention that the trial court denied him the right to file his second petition is absurd. The record contains 48 pages of court proceedings devoted to the hearing on the second petition held on June 28, 1987. The final page contains an oral order by the trial judge dismissing the petition. This is in addition to countless other motions and proceedings regarding the petition. Lieberman himself admitted at the hearing that his petition was filed. To argue now that he was denied right to file is ridiculous. The second petition was filed and was ruled on by the court.

■ Secondly, section 122—3 of the Post-Conviction Hearing Act provides that "[a]ny claim of substantial denial of constitutional rights not raised in the original or an amended petition is waived." (Ill. Rev. Stat. 1987, ch. 38, par. 122—3.) This makes clear that only one petition for post-conviction relief is contemplated by the Post-Conviction Hearing Act. (Ill. Rev. Stat. 1987, ch. 38, pars. 122—1 through 122—8.) A defendant is to get "one complete opportunity to show a sub-

stantial denial of his constitutional rights." (*People v. Logan* (1978), 72 Ill. 2d 358, 370.) However, when proceedings on a petition are deficient in some fundamental way, a court may allow the filing of successive post-conviction petitions. *People v. Free* (1988), 122 Ill. 2d 367, 376.

▪ In order to determine whether or not the proceedings on the first petition were deficient, it is essential that the proceedings be finally resolved. This is only logical. It would be absurd to rule on the sufficiency or deficiency of a proceeding that is not yet complete. Our system of appellate review is based on this general principle, as only final orders are appealable. It should make no difference that, in this case, the court reviewing the proceedings is another trial court. Lieberman's contention in his second petition, of ineffective assistance of counsel at his first post-conviction hearing, is partially dependent upon the finding of a tainted jury at trial. In would make no sense to determine the issue of ineffective assistance of counsel first.

This principle also best serves the interests of judicial economy. If the proceedings on the first petition reveal constitutional error in the trial, the second petition becomes meaningless. Any proceedings on, or subsequent appeals from, the second petition would be a waste of the judicial system's time and resources. In this case, Lieberman attempted to file a second petition while he was appealing the results of his first petition hearing. When the trial court refused to allow the filing of the petition, Lieberman appealed the denial. Lieberman withdrew this appeal when he was allowed to file his second petition. The second petition was subsequently dismissed before the remand hearing on the first petition. This procedural morass was further confounded by the fact that four trial court judges were involved at one time or another with these petitions. This confusion is unnecessary. By terminating the proceedings on a petition before even entertaining the possibility of a second petition, courts can properly determine the need for another proceeding under *Free* and also preserve the resources of the Illinois judicial system.

We must still, however, deal with the Byzantine procedural legacy of this case. The record shows the following pronouncement at the conclusion of the hearing on the motion to dismiss the second petition:

"THE COURT: *** The only thing the Second Rule dictates is an order to this Court to go into the allegations of jury exposure to prejudicial publicity about the defendant, and that is the sole issue before this Court.

Without any further ado, the Court finds that there has been fundamental fairness thus far, and that you have not been

deprived of any fundamental fairness, and, as a result, the Court is going to deny and accept the Petition for Post-Conviction Relief, and the Court will proceed with the hearing as dictated to this Court by the Appellate Court in its Second Review."

The court later stated that, "[a]s a result, the Motion to Dismiss the petition for post-conviction relief has been heard and allowed, and the post-conviction petition for relief filed March 26, 1987 shall be and is hereby ordered dismissed."

From the statements, it is impossible to determine the court's reasoning for the dismissal. The court first states that the only issue properly before it is the issue on remand, suggesting that the second petition was not timely argued. In the next sentence, the court mentions a lack of deprivation of fundamental fairness as the basis for its dismissal. As we stated earlier, this would be an absurdity, as the court could not find fundamental fairness, or a deficiency of it, before the termination of the proceedings on the first petition. In addition, the State, in its motion to dismiss and its arguments before the court, argued that at least some issues in the second petition were waived when they were not raised in the first petition or any of several appeals. The order of dismissal is at best ambiguous. Whether an order is written or, as in this case, oral, the trial judge should include a brief statement clearly indicating his or her findings and reasons for the order. (*People v. Hamby* (1965), 32 Ill. 2d 291, 294.) Otherwise, reviewing courts may be unable to determine exactly upon what basis the trial court ruled.

Although we do not know the trial court's basis for dismissal, we still affirm it. A trial court's order may be sustained on appeal for reasons other than those given by it. (*Village of Schaumburg v. Franberg* (1981), 99 Ill. App. 3d 1, 9.) At the time of the hearing, Lieberman had not had his "one complete opportunity to show a substantial denial of his constitutional rights." (*Logan*, 72 Ill. 2d at 370.) Until Lieberman has had this opportunity, the court cannot consider his claims of fundamental deficiency of the post-conviction hearing. (See *Free*, 122 Ill. 2d at 376.) The trial court never reached the merits of the second petition, and the petition was properly dismissed. Although our decision today does not necessarily preclude Lieberman from filing another petition, based on the same allegations as in the petition just dismissed, we note that Lieberman will be precluded, under the doctrine of *res judicata*, from raising the issue of jury taint as applied to the allegation of ineffective assistance of counsel at his first hearing.

The second issue is whether the trial court's finding that the jury in Lieberman's trial was not tainted by prejudicial publicity was clearly erroneous. We determine that it was not.

■■ ■ In a hearing under the Post-Conviction Hearing Act (Ill. Rev. Stat. 1987, ch. 38, par. 122—1 *et seq.*), the petitioner has the burden of alleging and proving facts which show that he is entitled to the relief requested. (*People v. Bracey* (1972), 51 Ill. 2d 514, 517.) To warrant a reversal on allegations of improper influence on the jury of prejudicial publicity, it must appear that at least some of the jurors were influenced or prejudiced so that they could not be fair and impartial. *People v. Rogers* (1985), 135 Ill. App. 3d 608, 625.

■■ Lieberman contends that several jurors, either before or during the trial, were exposed to prejudicial publicity regarding his recent conviction in Cook County on a charge of rape and his alleged involvement in a series of rapes in the Chicago area. At the hearing, Lieberman advanced three specific instances of alleged exposure. First, he contended that some of the jurors had been exposed to a newspaper article that detailed his prior rape conviction in Cook County. The article also called Lieberman "the plumber rapist," a well-known nickname given to Lieberman for his alleged *modus operandi* in a series of rapes. At the hearing, Lieberman presented the testimony of six family members who testified that, at a lunch recess during the trial, they overheard four jurors discussing the newspaper article. However, these family members were unable to identify the jurors in question or even the restaurant in which the alleged incident was to have occurred.

Second, Lieberman produced the testimony of juror Thomas Kotelnicki. After the trial, Kotelnicki had signed an affidavit indicating that he had been exposed to the nickname "plumber rapist" during the trial. However, at the hearing, Kotelnicki testified that he first heard the nickname *after* the verdict, when the trial judge informed the jurors that Lieberman was the so-called "plumber rapist."

Third, Lieberman produced the testimony of Judge Block, who presided over Lieberman's trial. Judge Block testified that, when he informed the jurors after the verdict that Lieberman was the "plumber rapist," some jurors said that they remembered having heard of the "plumber rapist." However, Judge Block also stated that he saw a reaction of surprise in response to his announcement.

In no instance did Lieberman sustain his burden of proof. He did not prove, in any of his three contentions, juror contact with prejudicial publicity, let alone actual juror prejudice. Lieberman was unable to produce one juror to testify that he or she had come in contact

with the publicity. Even juror Kotelnicki, on whose affidavit Lieberman relies, explained that his exposure to the "plumber rapist" nickname came after the verdict. The State, on the other hand, produced the testimony of seven jurors that denied any contact with publicity before or during the trial. Lieberman's speculation on the possible exposure of the jurors not called to testify is without merit. As he bore the burden of proof, it was his responsibility to call these jurors as witnesses. He cannot now complain that the State should have called all the jurors to testify.

The judge at the hearing had the opportunity to observe the witnesses' demeanor. The credibility of testimony at the hearing is a matter for the trial judge to determine, and this determination will be upheld unless something appears to show that it was manifestly erroneous. (*Bracey*, 51 Ill. 2d at 517.) Lieberman cites case law to support his contention that credibility of jurors on the subject of influence of publicity is open to question by reviewing courts. (See *People v. Hryciuk* (1954), 5 Ill. 2d 176; *People v. Keegan* (1971), 52 Ill. 2d 147; *People v. Taylor* (1984), 101 Ill. 2d 377; *People v. Rogers* (1985), 135 Ill. App. 3d 608.) However, his reliance on these cases is misplaced, as, in each case, the jurors were admittedly known to have been exposed to publicity. These cases are inapplicable to the case before us, since no exposure to publicity has been proved. We determine that the findings of the trial court are not manifestly erroneous and will not be disturbed.

For the reasons stated above, we affirm the judgment of the circuit court of Lake County.

Affirmed.

NASH and REINHARD, JJ., concur.