**UNITED STATES of America ex rel. Flenear JEFFERSON, Plaintiff,**

v.

**Thomas PAGE, Defendant.**

No. 94 C 7753.

United States District Court, N.D. Illinois, Eastern Division.

May 14, 1996.

Flenear Jefferson, Menard, IL, Pro Se.

Bradley P. Halloran, Chicago, IL, Arleen C. Anderson, Illinois Attorney General's Office, Chicago, IL, for Thomas Page.

Arleen C. Anderson, Illinois Attorney General's Office, Chicago, IL, for State of Illinois Attorney General.

## MEMORANDUM OPINION AND ORDER

BUCKLO, District Judge.

Following a 1990 jury trial in the Circuit Court of Cook County, the petitioner, Flenear Jefferson ("Mr. Jefferson"), was found guilty of murder and attempted murder. The trial judge sentenced Mr. Jefferson to concurrent terms of forty years imprisonment for murder and thirty years imprisonment for attempted murder to be served consecutively to a twenty-year sentence which Petitioner was serving in Arkansas. Mr. Jefferson petitions this court for a writ of habeas corpus pursuant to 28 U.S.C. Section 2254.

The petition, read liberally, asserts four claims: 1) the court improperly instructed the jury regarding culpable mental state by using accountability[1] language in its instruction; 2) Petitioner's forty year sentence resulted from improper use of the accountability theory; 3) Petitioner was denied his Sixth Amendment right to confront witnesses against him when the trial court denied him the opportunity to cross-examine a state's witness regarding gang membership; and 4) the prejudicial value of evidence of Mr. Jefferson's possession of weapons to raise money to post bail for his half-brother, Freddie Jefferson,[2] and to flee the jurisdiction out-

weighed its probative value, yet the trial court admitted it. For the following reasons, the petition is denied.

### Procedural History

Mr. Jefferson raised a number of issues on direct appeal, including the four claims stated in his petition. The Illinois Appellate Court affirmed the petitioner's convictions and sentence. *People v. Jefferson*, 260 Ill. App.3d 895, 631 N.E.2d 1374, 197 Ill.Dec. 915 (1st Dist.1994). Mr. Jefferson filed a petition for leave to appeal to the Illinois Supreme Court alleging two claims: 1) the appellate court's jury instruction on accountability improperly expanded previous state court decisions; and 2) the appellate court improperly relied on the accountability theory to impose the same sentence on the accomplice (Mr. Jefferson) and the perpetrator (Freddie). The petition was denied on October 6, 1994. *People v. Jefferson*, 157 Ill.2d 512, 642 N.E.2d 1292, 205 Ill.Dec. 175 (1994).

### Procedural Default

■ The respondent first argues that Mr. Jefferson's third and fourth claims are procedurally defaulted. Whether Mr. Jefferson has forfeited these claims depends on the law of Illinois, as:

> failure to present a claim at the time, and in the way, required by the state is an independent state ground of decision, barring review in federal court.

*Hogan v. McBride*, 74 F.3d 144, 146 (7th Cir.1996) (citing *Coleman v. Thompson*, 501 U.S. 722, 729–44, 111 S.Ct. 2546, 2553–62, 115 L.Ed.2d 640 (1991)). Under *Hogan*, I am to determine if Illinois courts have held either that any procedural failing of which Mr. Jefferson is guilty constitutes a forfeiture or would so hold if Mr. Jefferson filed a collateral attack in state court. *Hogan v. McBride, supra*, 74 F.3d at 147.

---

1. A person is legally accountable for the conduct of another when, either before or during the commission of an offense, and with the intent to promote or facilitate such commission, he solicits, aids, abets, agrees, or attempts to aid, such other person in the planning or commission of the offense. 720 ILCS 5/5–2(c).

2. Freddie Jefferson was also arrested and charged by indictment for the murder. The trials were severed, and Freddie was convicted of murder and sentenced to forty years in prison. The appellate court affirmed the conviction and sentence.

A person wishing to attack a trial court's judgment based on a claim that his constitutional rights were violated during trial may directly appeal that judgment to the Illinois Appellate Court and then petition for leave to appeal to the Illinois Supreme Court. A party seeking to appeal to the Illinois Supreme Court must include in his petition for leave to appeal "a statement of the points relied upon for reversal of the judgment of the Appellate Court." Illinois S.Ct.Rule 315(b)(3). Issues not presented to the Illinois Supreme Court in the petition for leave to appeal are not properly before the Court, and the Court refuses to consider such issues. *See e.g. Federal Deposit Insurance Corporation v. O'Malley,* 163 Ill.2d 130, 643 N.E.2d 825, 836, 205 Ill.Dec. 534, 545 (1994); *Deal v. Byford,* 127 Ill.2d 192, 537 N.E.2d 267, 270, 130 Ill.Dec. 200, 203 (1989); *People v. Ward,* 113 Ill.2d 516, 499 N.E.2d 422, 423, 101 Ill.Dec. 834, 835 (1986).[3]

Instead of directly appealing a trial court's judgment, a party may collaterally attack that judgment by filing a petition for relief pursuant to the Post–Conviction Hearing Act, 725 ILCS 5/122–1 *et seq.* In a post-conviction proceeding, the court does not determine a defendant's guilt or innocence but rather considers constitutional issues not already reviewed. *People v. Stewart,* 123 Ill.2d 368, 528 N.E.2d 631, 633, 123 Ill.Dec. 927, 929 (1988).

> In essence, post-conviction proceedings are limited to issues which have not been, and could not have been, previously adjudicated. Put another way, all issues actually decided on direct appeal are *res judicata,* and all those which could have been presented but were not are deemed waived.

*Id.*

Mr. Jefferson appealed the trial court's judgment to the Illinois Appellate Court. In affirming the trial court's conviction and sentencing of Mr. Jefferson, the appellate court resolved Mr. Jefferson's claims raised in the third and fourth grounds for his habeas petition. Res judicata principles, therefore, prevented Mr. Jefferson from raising his third and fourth claims in a collateral attack on the

trial court's judgment via a post-conviction petition.

Thus, Mr. Jefferson's only route to relief from the appellate court's holding on the claims comprising the third and fourth grounds for his habeas corpus petition was to raise the claims in his petition for leave to appeal to the Illinois Supreme Court. He failed to do so. Consequently, these claims are procedurally defaulted, unless Mr. Jefferson can demonstrate cause for the default and prejudice from the alleged violation of federal law or that refusal to consider his claims will result in a miscarriage of justice. *Coleman v. Thompson, supra,* 501 U.S. at 750, 111 S.Ct. at 2564–65. Mr. Jefferson has not shown cause, prejudice, the likelihood of a miscarriage of justice or any other basis for why grounds three and four are not procedurally defaulted. Habeas corpus relief on these grounds is accordingly denied.

■ Mr. Jefferson's first claim is also procedurally defaulted as a consequence of his failure to properly preserve the issue for state review. To preserve an issue for review, Illinois law requires both a trial objection and a written post-trial motion raising the issue. *People v. Enoch,* 122 Ill.2d 176, 522 N.E.2d 1124, 1130, 119 Ill.Dec. 265, 271 (1988). The appellate court found that Mr. Jefferson failed to meet either of these requirements and therefore waived the issue. *People v. Jefferson, supra,* 631 N.E.2d at 1379, 197 Ill.Dec. at 920. When a state court deems an issue waived, its decision rests upon a state law ground that is both independent of the federal question and adequate to support the judgment. *Wainwright v. Sykes,* 433 U.S. 72, 81, 87, 97 S.Ct. 2497, 2503–04, 2506–07, 53 L.Ed.2d 594 (1977). Consequently, review of the waived issue by a federal court is precluded. *Coleman v. Thompson, supra,* 501 U.S. at 729, 111 S.Ct. at 2553–54. Mr. Jefferson has not demonstrated cause, prejudice, or that a miscarriage of justice will result if I do not address this claim. Accordingly, the petitioner can-

**3.** Although in *Byford* and *Ward,* the Illinois Supreme Court noted that it, of course, could consider issues not included in the petition for leave to appeal, it declined to do so.

not obtain habeas relief on the basis of this claim.[4]

The respondent argues that I am also precluded from reviewing Mr. Jefferson's second claim on the grounds that when presenting this claim to the state appellate and supreme courts, "[Mr. Jefferson] failed to allege or alert the courts to any federal constitutional infirmities ... Nor did the appellate court address the claims as such." Answer, p. 7. Due to concerns of comity, a federal habeas petitioner is obligated to give the state appellate court "a fair opportunity to apply constitutional principles and correct any constitutional error committed by the trial court." *Verdin v. O'Leary*, 972 F.2d 1467, 1474 (7th Cir.1992). A petitioner fairly presents his constitutional claim to the state court if he submits "both the operative facts and the 'controlling legal principles.'" *Id.* (quoting *Picard v. Connor*, 404 U.S. 270, 277, 92 S.Ct. 509, 513, 30 L.Ed.2d 438 (1971)).

Mr. Jefferson was represented by an Assistant Public Defender on appeal and when he petitioned the Illinois Supreme Court for leave to appeal. The briefs which Mr. Jefferson's counsel submitted on his behalf to the appellate and supreme courts do not mention a federal constitutional basis for the second claim. Moreover, none of the cases cited by the petitioner's counsel in those briefs addresses a claim similar to claim two in light of federal constitutional law. Thus, I agree with the respondent that Mr. Jefferson failed to notify the state court of any federal constitutional problem in connection with claim two. Accordingly, Mr. Jefferson cannot prevail on the basis of his second claim.

### Conclusion

For the foregoing reasons, Mr. Jefferson's petition for a writ of habeas corpus is denied.

---

4. The state appellate court discussed substantive law in relation to Mr. Jefferson's first claim. The court, however, disposed of Mr. Jefferson's claim on the basis of waiver rather than any reason derived from its analysis of substantive law. *See*

*People v. Jefferson, supra,* 631 N.E.2d at 1379, 197 Ill.Dec. at 920 (examining substantive state law after stating that "this matter would not merit consideration *even if* we chose to exercise our discretion....") (emphasis added).