**Ronnie W. CARROLL, Petitioner,**

v.

**George E. DeTELLA, Respondent.**

**No. 95 C 5390.**

United States District Court,
N.D. Illinois,
Eastern Division.

Oct. 31, 1997.

**1138**

Ronnie W. Carroll, Menard, IL, pro se.

Carl Peter Clavelli, Chicago, IL, for petitioner.

Steven R. Splitt, State Attorney General's Office, Arleen C. Anderson, State Attorney's General's Office, Criminal Division, Chicago, IL, for respondent.

BUCKLO, District Judge.

## MEMORANDUM OPINION AND ORDER

Ronnie Carroll is serving a 55-year sentence in the Illinois prison system for armed robbery. Pursuant to 28 U.S.C. § 2254, he petitions for writ of habeas corpus. For the following reasons, the petition is denied.

## I. STATE COURT PROCEEDINGS

*Direct Appeal & First Post–Conviction Petition*

On August 11, 1988, immediately after having been sentenced, Mr. Carroll moved to vacate his guilty plea and sentence. He argued, *inter alia*, that when he pleaded guilty, he was under the mistaken impression as to the possible length of his sentence, that the state violated criminal discovery rules by failing to turn over the victim's criminal record, and that the sentence was excessive. During the hearing on the motion, Mr. Carroll additionally argued that his co-defendant, Anthony Kendall, though sentenced for attempted murder in addition to armed robbery, was sentenced to only 35 years. The trial court denied the motion to vacate guilty plea and sentence.

Mr. Carroll filed a direct appeal, arguing that the trial court improperly considered as an aggravating factor at sentencing the fact that Mr. Carroll received compensation for committing the offense (" 'compensation' aggravating factor"). The appellate court affirmed, holding that Mr. Carroll waived the issue by not raising it in his motion to vacate guilty plea and sentence. *People v. Carroll,* 195 Ill.App.3d 445, 552 N.E.2d 361, 142 Ill. Dec. 11 (1990). Mr. Carroll sought leave to appeal the affirmance to the Illinois Supreme Court, but leave was denied. *People v. Carroll,* 132 Ill.2d 548, 144 Ill.Dec. 260, 555 N.E.2d 379 (1990).

On September 21, 1989, while the direct appeal was still pending, Mr. Carroll filed a post-conviction petition ("first post-conviction petition"), arguing that his appellate counsel was ineffective because she failed to raise the following two issues: (1) the disparity between Mr. Carroll's 55–year and his co-defendant's 35–year sentences, and (2) the trial

court's failure to appoint a different attorney for the purposes of Mr. Carroll's motion to vacate guilty plea and sentence, given the strained relationship between Mr. Carroll and his trial attorney. The trial court held a hearing and dismissed the first post-conviction petition.

Mr. Carroll appealed the dismissal, arguing (1) that his appellate counsel was ineffective because she did not argue that his trial counsel was ineffective for failing to raise the issue of the improper "compensation" aggravating factor in the motion to vacate guilty plea and sentence; (2) that his trial counsel was ineffective, having failed to function as an advocate at the hearing on the motion to vacate guilty plea and sentence; and (3) that since Mr. Carroll was only sentenced for one count of armed robbery, an amended mittimus had to be issued because the record presently reflected two counts of armed robbery and of armed violence each.

In his brief, Mr. Carroll explained that his trial counsel's failure to act as an advocate during the hearing on the motion to vacate guilty plea and sentence consisted of the following: (1) failure to present any arguments besides those alleged in the motion to vacate guilty plea and sentence; (2) waiver of the "compensation" aggravating factor issue through failure to raise it in the motion to vacate guilty plea and sentence; and (3) failure to raise the need for an amended mittimus. Mr. Carroll also stated that his trial attorney did not comply with Ill.Sup.Ct.R. 604(d).

On August 22, 1991, ruling on the dismissal of Mr. Carroll's first post-conviction petition, the appellate court agreed with Mr. Carroll that his trial counsel's failure to argue in the motion to vacate guilty plea and sentence that the trial court improperly relied on the "compensation" aggravating factor fell below an objective standard of reasonableness.[1] The court also held that the appellate coun-

sel's failure to argue ineffectiveness of trial counsel fell below an objective standard of reasonableness. The court believed that appellate counsel could have anticipated that the appellate court would have deemed the issue waived. Therefore, appellate counsel should have raised the "compensation" aggravating factor issue in the context of the ineffective assistance of trial counsel claim. *People v. Carroll,* No. 88–CF–392, slip op. at 7–8 (Ill.App.Ct. Aug. 22, 1991). The appellate court concluded, however, that although the trial court should not have relied on "compensation" as an aggravating factor, the error was harmless because the trial court placed insignificant weight on this consideration. *Id.* at 8–9. The appellate court also rejected Mr. Carroll's argument that his trial counsel's presentation at the motion to vacate guilty plea and sentence hearing fell below an objective standard of reasonableness. *Id.* at 9. Finally, the appellate court ruled that an amended mittimus be issued as Mr. Carroll requested. *Id.*

Mr. Carroll subsequently sought rehearing on the ground that his trial counsel was ineffective for failing to comply with Ill.Sup. Ct.R. 604(d). Illinois courts have held that, if defense counsel fails to file a Rule 604(d) certificate,[2] the trial court's order denying a motion to vacate guilty plea is automatically reversible. *E.g., People v. Dickerson,* 212 Ill.App.3d 168, 156 Ill.Dec. 426, 428, 570 N.E.2d 902, 904 (1991). In a September 16, 1991 minute order, the appellate court denied rehearing, holding that Mr. Carroll waived the claim that his trial counsel was ineffective for failing to comply with Ill.Sup.Ct.R. 604(d) because Mr. Carroll alluded to this issue, but did not develop it in his appellate brief.

Mr. Carroll petitioned the Illinois Supreme Court for leave to appeal, raising the following issues: (1) that the allegations of ineffective assistance of trial counsel based on his failure to comply with Ill.Sup.Ct.R. 604(d)

---

1. The state conceded that such reliance was erroneous.

2. The rule states, in relevant part, that
 [t]he defendant's attorney shall file with the trial court a certificate stating that the attorney has consulted with the defendant either by mail or in person to ascertain his contentions

of error in the sentence or the entry of the plea of guilty, has examined the trial court file and report of proceedings of the plea of guilty, and has made any amendments to the motion necessary for adequate presentation of any defects in those proceedings.
Ill.Sup.Ct.R. 604(d) (West 1993).

should have resulted in a remand and further proceedings on Mr. Carroll's motion to vacate guilty plea and sentence; (2) that the appellate court erred in finding waiver with respect to the compliance with Ill.Sup.Ct.R. 604(d); (3) that Mr. Carroll was denied effective assistance of trial counsel, who failed to comply with Ill.Sup.Ct.R. 604(d) and failed to act as Mr. Carroll's advocate at the hearing to vacate guilty plea and sentence; and (4) that Mr. Carroll was denied effective assistance of appellate counsel for failing to raise the trial counsel's ineffectiveness for the above reasons. On December 4, 1991, the Illinois Supreme Court denied the petition for leave to appeal. *People v. Carroll*, 142 Ill.2d 657, 584 N.E.2d 132, 164 Ill.Dec. 920 (1991).

*Second Post–Conviction Petition*

On May 23, 1990, while the appeal of his first post-conviction petition dismissal was still pending, proceeding *pro se,* Mr. Carroll filed another post-conviction petition ("second post-conviction petition"). He claimed that his appellate counsel was ineffective for failing to argue (1) that the state did not provide Mr. Carroll with crime laboratory results; (2) that the state did not provide Mr. Carroll with criminal histories of its witnesses, particularly the victim; (3) that the trial court relied on an inaccurate Presentence Investigation (PSI) report; (4) that the difference between Mr. Carroll's and his co-defendant's sentences was grossly disparate; (5) that the imposition of the 55–year sentence was not warranted by the trial court's findings; and (6) that Mr. Carroll's trial counsel was ineffective because he (a) misinformed Mr. Carroll about the length of the sentence he was potentially facing; (b) after alluding in the motion to vacate guilty plea and sentence to Mr. Carroll's mistaken impression as to the maximum sentence, failed to develop the issue at the hearing; (c) knowing that Mr. Carroll's wife was a source of evidence for the state, encouraged her to

persuade Mr. Carroll to plead guilty and did not inform the state that Mrs. Carroll was lying to the grand jury; (d) prior to trial, revealed to the trial court aggravating and mitigating factors; (e) failed to investigate the case, to question witnesses, to file any pre–trial motions regarding illegally seized evidence, to put on witnesses suggested by Mr. Carroll, to read and correct the errors in the PSI report, or to contact Mr. Carroll's character witnesses to participate in the sentencing hearing; (f) failed to file a certificate pursuant to Ill.Sup.Ct.R. 604(d); and (g) failed to argue that the court improperly relied on "compensation" as an aggravating factor. The second post–conviction petition was dismissed.[3]

Mr. Carroll sought leave to appeal the dismissal late pursuant to Ill.Sup.Ct.R. 606(c). The state objected, arguing that since Mr. Carroll's appeal of the dismissal of his *first* post-conviction petition was still pending, it was premature to decide whether a *second* post-conviction petition was necessary. On November 27, 1990, the appellate court denied leave to file late appeal of the dismissal of Mr. Carroll's second post-conviction petition.

*Third Post–Conviction Petition*

On September 1, 1992, Mr. Carroll filed another pro se post-conviction petition ("third post-conviction petition").[4] He argued that (1) the attorney who assisted him in challenging the dismissal of his first post-conviction petition was ineffective for a variety of reasons; (2) that his indictment was defective because, in arriving at it, the grand jury heard testimony of Mr. Carroll's wife, in violation of the petitioner's marital privilege; (3) that the state violated criminal discovery rules by failing to provide Mr. Carroll with criminal histories of its witnesses and with crime laboratory results; (4) that Mr. Carroll's arrest was illegal; (5) that Mr. Carroll's guilty plea was involuntary because trial counsel misinformed the petitioner regarding

---

3. The record is not entirely clear on this issue, but the parties concur that the trial court dismissed Mr. Carroll's second-post conviction petition.

4. The appellate court ruled on the dismissal of Mr. Carroll's first post-conviction petition on Au-

gust 22, 1991 and issued a supplemental opinion in response to Mr. Carroll's motion for a rehearing on September 16, 1991. The Illinois Supreme Court denied leave to appeal the appellate court's decisions on December 4, 1991.

the potential length of his sentence and did not file any pre-trial motions challenging Mr. Carroll's arrest; (6) that Mr. Carroll's motion for replacement of trial counsel was improperly denied; (7) that the court relied on erroneous information contained in the PSI report; (8) that his trial counsel was ineffective for failing (a) to challenge the criminal complaint as not being signed by the actual victims; (b) to investigate the case; (c) to contact Mr. Carroll's character witnesses of choice for the sentencing hearing; (d) to review the PSI report which contained numerous errors; (e) to cross-examine the complaint; (f) to withdraw from representation; (g) to advocate for Mr. Carroll during the motion to vacate guilty plea and sentence; (h) to file a certificate pursuant to Ill.Sup. Ct.R. 604(d); and (i) to argue (i.) that the indictment was defective due to the violation of the petitioner's marital privilege; (ii.) that the state violated criminal discovery rules by not providing Mr. Carroll with criminal histories of its witnesses; (iii.) that the evidence obtained as a result of Mr. Carroll's arrest should have been suppressed; and (iv.) that the court relied on improper aggravating factors in sentencing, i.e., "compensation" and the victim's handicap; and (9) that his appellate counsel was ineffective for failing to argue (a) that the indictment was defective due to the violation of the petitioner's marital privilege, and (b) that the state violated criminal discovery rules by not providing Mr. Carroll with criminal histories of its witnesses.

Pursuant to the third post-conviction petition, counsel was appointed for Mr. Carroll. With his assistance, on February 26, 1993, Mr. Carroll filed a supplemental post-conviction petition.[5] He argued (1) that his plea was involuntary because trial counsel misinformed the petitioner regarding the potential length of his sentence; (2) that his trial counsel was ineffective for failing (a) to cross

examine the complainant at the sentencing hearing, and (b) to argue (i.) that the court improperly relied on "compensation" and the victim's handicap as aggravating factors in sentencing, and (ii.) that the state violated criminal discovery by not providing Mr. Carroll with criminal history of the complainant; and (3) that his appellate counsel was ineffective for failing to argue (a) that trial counsel was ineffective for the above reasons; (b) that the court improperly relied on "compensation" and the victim's handicap as aggravating factors in sentencing; (c) that Mr. Carroll's and his co-defendant's sentences were disproportionate; and (d) that the court relied on an erroneous PSI report; and (4) the attorney who represented Mr. Carroll on appeal of the dismissal of his first post-conviction petition was ineffective for failing to argue that trial counsel was ineffective for not complying with Ill.Sup.Ct.R. 604(d).

The trial court dismissed the third post-conviction petition, supplemented by the supplemental post-conviction petition, on the following three grounds: (1) that the petition was untimely and Mr. Carroll failed to allege sufficient facts to be excused from the operation of the statute of limitations; (2) that the issues had been waived because they were not, but could have been, raised in the prior post-conviction petitions; and (3) that the petition lacked claims of constitutional deprivation. Mr. Carroll appealed the dismissal. The appellate court considered ground (1), the threshold issue, and affirmed. Mr. Carroll sought leave to appeal the dismissal to the Illinois Supreme Court, but leave was denied. *People v. Carroll,* 158 Ill.2d 555, 206 Ill.Dec. 839, 645 N.E.2d 1361 (1994).

## II. THE PRESENT PETITION

█ Mr. Carroll raises the following claims in his habeas corpus petition:[6] (1)

---

5. Since the state court treated the third and the supplemental post-conviction petitions as one and the same, I will also.

6. Mr. Carroll filed his initial petition on September 19, 1995, and an amended petition (Petitioner's Response to Respondent's Answer and Petitioner's Pro–Se Amendments to 28 U.S.C. § 2254 Petition) on December 13, 1996, emphasizing that "the real issues ... are ineffective assistance

of trial and direct appeal counsel, prosecutor misconduct, and abuse of trial court's discretion." (Am.Pet. at 3.) Mr. Carroll's amended petition effectively eliminated some of the issues raised in his initial petition. The state had a full opportunity to respond. Initially, Mr. Carroll was assisted by counsel. On October 15, 1996, however, after counsel filed a memorandum in support of the initial habeas corpus petition, Mr.

prosecutorial misconduct; (2) abuse of the trial court's discretion; (3) ineffective assistance of trial counsel; and (4) ineffective assistance of appellate counsel. (Am.Pet. at 35.) I can address the merits of Mr. Carroll's claims only if he exhausted state remedies and if the claims are not procedurally defaulted.[7] *Cawley v. DeTella,* 71 F.3d 691, 693–94 (7th Cir.1995).

## A. Procedural Default

■ To avoid procedural default, a petitioner must fully and fairly present each of his habeas corpus claims to the state courts, by setting forth the factual basis and the federal legal theory supporting the claim. *Momient–El v. DeTella,* 118 F.3d 535, 539, 541 (7th Cir.1997); *Morrison v. Duckworth,* 898 F.2d 1298, 1300 (7th Cir.1990).

■ Procedural default is a matter of state law. "[F]ailure to present a claim at the time, and in the way, required by the state is an independent [and adequate] state ground of decision, barring review in federal court." *Hogan v. McBride,* 74 F.3d 144, 146 (7th Cir.1996) (citing *Coleman v. Thompson,* 501 U.S. 722, 729–44, 750, 111 S.Ct. 2546, 2553–62, 115 L.Ed.2d 640 (1991) (procedural default occurs "when a state court decline[s] to address the prisoner's federal claims because the prisoner had failed to meet a[n independent and adequate] state procedural requirement") (untimely notice of appeal to state supreme court)). Thus, "if Illinois courts have held ... that a[] procedural failing ... constitutes a forfeiture or would so hold if [Mr. Carroll] filed a[nother] collateral attack in state court," his habeas corpus claims are procedurally defaulted. *United States ex rel. Jefferson v. Page,* 925 F.Supp. 591, 592 (N.D.Ill.1996) (citing *Hogan,* 74 F.3d at 146–47). If a claim was never presented to any state forum, it is procedurally default-

ed. *Burgin v. Broglin,* 900 F.2d 990, 996 (7th Cir.1990).

■ Under Illinois law, issues that could have been, i.e., issues apparent from the record, but were not raised on appeal are waived, unless "fundamental fairness" requires otherwise or review by direct appeal was denied through failure of appellate counsel. *People v. Piper,* 272 Ill.App.3d 843, 209 Ill.Dec. 561, 563, 651 N.E.2d 739, 741 (1995); *People v. Johnson,* 63 Ill.App.3d 745, 20 Ill. Dec. 553, 556, 380 N.E.2d 531, 534 (1978). Therefore, such issues are procedurally defaulted for the purposes of habeas corpus review. Moreover, "[t]he Post–Conviction Hearing Act[, 725 ILCS 5/122–1 *et seq.* (West 1992 & Supp.1997)] contemplates the filing of only one post-conviction petition," *People v. Flores,* 153 Ill.2d 264, 180 Ill.Dec. 1, 6, 606 N.E.2d 1078, 1083 (1992), rendering "[a]ny claim of substantial denial of constitutional rights not raised in the original or an amended petition ... waived".[8] 725 ILCS 5/122–3 (West 1992). Only claims that could not have been raised in the original post-conviction petition are preserved for subsequent post-conviction petitions.[9] *Flores,* 180 Ill.Dec. at 9, 606 N.E.2d at 1086 ("meritorious claims of ineffective assistance of *appellate* counsel, *which could not have been raised in a prior post–trial proceeding*") (emphasis added). Mr. Carroll pursued a direct appeal and filed three post-conviction petitions. Some of the habeas corpus claims raised in the first and the subsequent post–conviction petitions may have been procedurally defaulted at an earlier point. Nevertheless, I will consider the last "vehicle" Mr. Carroll employed for presenting a claim to an Illinois court since a state court may choose to ignore or forgive non-compliance with its own rules. *See Cawley,* 71 F.3d at 694–95 n. 6.

Carroll moved to dismiss appointed counsel and to adopt his memorandum. The motion was granted.

**7.** Since I find inexcusable procedural default as to all of Mr. Carroll's claims, I will not address the exhaustion of state remedies requirement.

**8.** "[T]he single-petition provision has been in effect since 1949." *People v. Heirens,* 271 Ill.

App.3d 392, 207 Ill.Dec. 804, 811, 648 N.E.2d 260, 267 (1995).

**9.** Illinois courts will also allow successive post-conviction petitions "where the proceedings on the initial petition were deficient in some fundamental way." *Flores,* 180 Ill.Dec. at 6, 606 N.E.2d at 1083.

*i. Prosecutorial Misconduct*

■ By "prosecutorial misconduct," Mr. Carroll means two alleged violations of criminal discovery: the state's failure to provide Mr. Carroll with (1) criminal histories of its witnesses, particularly the victim, and (2) crime laboratory results. (Am.Pet. at 31–32.) Mr. Carroll raised these issues in his third post-conviction petition. The petition was dismissed and the dismissal was affirmed on the grounds of untimeliness, an independent and adequate state ground. Thus, the above issues were procedurally defaulted.

*ii. Abuse of the Trial Court's Discretion*

■ By "abuse of the trial court's discretion," Mr. Carroll refers to the alleged errors pertaining to his 55–year sentence. (*Id.* at 32.) Thus, Mr. Carroll complains (1) that the trial court erred in denying Mr. Carroll's motion for another attorney for the purposes of his motion to vacate guilty plea and sentence; (2) that the trial court was not privy to the criminal history of the complainant; (3) that the trial court relied on an inaccurate PSI report; (4) that the trial court relied on two improper aggravating factors in sentencing—(a) "compensation" and (b) victim's handicap; (5) that Mr. Carroll's sentence was disproportionate to that of his co-defendant; and (6) that his sentence was excessive. (*Id.* at 23–27.)

Mr. Carroll raised issues (1), (3), (4),[10] and (5)[11] in his third post-conviction petition. The petition was dismissed and the dismissal was affirmed on the grounds of untimeliness, an independent and adequate state ground. Thus, these issues were procedurally defaulted.

■ Mr. Carroll raised issue (6) indirectly in his second post-conviction petition.[12] The second post-conviction petition was dismissed and leave to appeal the dismissal late was denied. Although the court did not reveal its reasoning, it did say that it considered Mr. Carroll's submissions and the state's objections. Mr. Carroll sought leave to appeal the dismissal late pursuant to Ill. Sup.Ct.R. 606(c).[13] The state objected pursuant to *People v. Lieberman,* 186 Ill.App.3d 277, 542 N.E.2d 894, 134 Ill.Dec. 548 (1989),[14] that since Mr. Carroll's appeal of the dismissal of his *first* post-conviction petition was still pending, it was premature to decide whether a *second* post-conviction petition was necessary. The appellate court's decision therefore " 'fairly appears' to rest primarily

10. Issue (4)(b) was raised indirectly by alleging ineffective assistance of trial counsel. On appeal of the dismissal of Mr. Carroll's first post-conviction petition, the state conceded that the court erroneously relied on the "compensation" aggravating factor. Thus, issue (4)(a) is moot for the purposes of this habeas corpus petition.

11. Mr. Carroll pointed out at the hearing on the motion to vacate guilty plea and sentence the disparity between his and his co-defendant's sentences. The issue was dropped on appeal. Mr. Carroll again raised issue (5) by alleging, in his third post-conviction petition, that his appellate counsel was ineffective for failing to raise that issue.

12. In his motion to vacate guilty plea and sentence, Mr. Carroll argued that his sentence was excessive. The issue was dropped on appeal. Mr. Carroll again raised this issue in his second post-conviction petition when he argued that his appellate counsel was ineffective for failing to argue that the imposition of the 55–year sentence was not warranted by the court's findings.

13. The rule provides, in relevant part, that
[o]n motion supported by a showing of reasonable excuse for failing to file a notice of appeal on time filed in the reviewing court within 30 days of the expiration of the time for filing the notice of appeal, or on motion supported by a showing by affidavit that there is merit to the appeal and that the failure to file a notice of appeal on time was not due to appellant's culpable negligence, . . . the reviewing court may grant leave to appeal.
Ill.Sup.Ct.R. 606(c) (West 1993).

14. In *Lieberman,* the court noted that the Illinois Post–Conviction Hearing Act, 725 ILCS 5/122–1 (West 1996), contemplates "only one petition for post-conviction relief." 134 Ill.Dec. at 549–50, 542 N.E.2d at 895–96. "However, when proceedings on a petition are deficient in some fundamental way, a court may allow the filing of successive post-conviction petitions." *Id.* at 550, 542 N.E.2d at 896. The court reasoned that "[i]n order to determine whether or not the proceedings on the first petition were deficient, it is essential that the proceedings be finally resolved." *Id.* The court concluded that the trial court properly dismissed the second post-conviction petition, filed before the trial court had an opportunity to hold an evidentiary hearing pursuant to the first post-conviction proceeding. *Id.* 134 Ill.Dec. at 551, 542 N.E.2d at 897.

**1144**

on [procedural] ... law" of Illinois. *Coleman,* 501 U.S. at 740, 111 S.Ct. at 2559–60. Thus, issue (6) was procedurally defaulted. Mr. Carroll never raised issue (2) in a state forum. Therefore, this issue was also procedurally defaulted.

### iii. Ineffective Assistance of Trial Counsel

▮ As to the ineffective assistance of trial counsel, Mr. Carroll claims that trial counsel failed to argue (1) that Mr. Carroll's indictment was defective because (a) it was based on a complaint signed by someone other than the victim, (b) it did not allege the requisite mental state for the offense, and (c) the grand jury relied on information obtained in violation of Mr. Carroll's marital privilege, (Am.Pet. at 7–10); (2) that the plea was involuntary; (3) that the trial court relied on improper aggravating factors—(a) "compensation" and (b) victim's handicap; (4) that the state committed discovery violations; (5) that Mr. Carroll's sentence was disproportionate viz-a-viz that of his codefendant; and (6) that Mr. Carroll's conviction was unclear. Further, Mr. Carroll alleges that his trial counsel (7) refused to call mitigating witnesses, whom Mr. Carroll suggested; (8) failed to correct errors in Mr. Carroll's PSI report; and (9) failed to comply with the Ill.Sup.Ct.R. 604(d). (*Id.* at 33.)

▮ Mr. Carroll raised issues (1)(a), (1)(c), (3), (4), (7), (8), and (9) in the third post-conviction petition. The petition was dismissed and the dismissal was affirmed on the grounds of untimeliness, an independent and adequate state ground. Thus, these issues were procedurally defaulted.[15]

▮ Mr. Carroll raised issue (2) indirectly in his second post-conviction petition.[16]

**15.** In addition, in appealing the dismissal of his first post-conviction petition, Mr. Carroll argued that his trial counsel was ineffective for failure to raise in the motion to vacate guilty plea and sentence the trial court's erroneous reliance on the "compensation" aggravating factor. The Illinois appellate court considered the merits of the issue. However, Mr. Carroll failed to appeal the appellate court's disposition to the Illinois Supreme Court. Therefore, the petitioner procedurally defaulted issue (3)(a). *Cawley,* 71 F.3d at 694–96; *Jenkins v. Gramley,* 8 F.3d 505, 507 (7th Cir.1993); *United States ex rel. Nelson v. De Tella,* 935 F.Supp. 988, 993–94 (N.D.Ill.1996).

However, the second post-conviction petition was dismissed and leave to appeal the dismissal late was denied on independent and adequate state grounds. Therefore, issue (2) was procedurally defaulted. Finally, Mr. Carroll never raised issues (1)(b), (5), and (6) in an Illinois court. Thus, he procedurally defaulted these issues.

### iv. Ineffective Assistance of Appellate Counsel

Finally, with respect to appellate counsel, Mr. Carroll argues that she was ineffective because she did not raise the following issues:

**(1)** prosecutorial misconduct—the state's failure to provide Mr. Carroll with

**(a)** criminal histories of its witnesses, particularly the victim; and

**(b)** crime laboratory results;

**(2)** abuse of the trial court's discretion

**(a)** the trial court erred in denying Mr. Carroll's motion for another attorney for the purposes of his motion to vacate guilty plea and sentence;

**(b)** the trial court was not privy to the criminal history of the complainant;

**(c)** the trial court relied on an inaccurate PSI report;

**(d)** the trial court relied on two improper aggravating factors in sentencing—**(i.)** "compensation" and **(ii.)** victim's handicap;

**(e)** that Mr. Carroll's sentence was disproportionate to that of his co-defendant; and

**(f)** that his sentence was excessive; and

**(3)** ineffective assistance of trial counsel

**(a)** trial counsel failed to argue

In addition, Mr. Carroll procedurally defaulted issue (9) because, in denying rehearing on the first post-conviction petition, the Illinois appellate court ruled that Mr. Carroll waived the argument that his trial counsel was ineffective due to his failure to comply with Ill.Sup.Ct.R. 604(d).

**16.** Mr. Carroll argued that his appellate counsel was ineffective for failing to argue that trial counsel was ineffective for failing to argue that the guilty plea was involuntary.

(i.) that Mr. Carroll's indictment was defective because it was based on a complaint signed by someone other than the victim, it did not allege the requisite mental state for the offense, and the grand jury relied on information obtained in violation of Mr. Carroll's marital privilege;

(ii.) that the plea was involuntary;

(iii.) that the trial court relied on improper aggravating factors, "compensation" and the victim's handicap;

(iv.) that the state committed discovery violations;

(v.) that Mr. Carroll's sentence was disproportionate viz-a-viz that of his co-defendant; and

(vi.) that Mr. Carroll's conviction was unclear, and trial counsel

(b) refused to call mitigating witnesses, whom Mr. Carroll suggested;

(c) failed to correct errors in Mr. Carroll's PSI report; and

(d) failed to comply with the Ill.Sup.Ct.R. 604(d).

(Am.Pet. at 7–10, 23–27, 31–34.)

 Mr. Carroll raised issue (1)(a) in his third post-conviction petition. The petition was dismissed and the dismissal was affirmed on the grounds of untimeliness, an independent and adequate state ground. Thus, the issue was procedurally defaulted. Mr. Carroll raised issue (1)(b) is his second post-conviction petition. That petition was dismissed and leave to appeal the dismissal late was denied on independent and adequate state grounds. Thus, this issue was procedurally defaulted.

 Mr. Carroll raised issue (2)(a) in his first post-conviction petition. However, he did not raise it on appeal of the petition's dismissal. Therefore, he procedurally defaulted that issue. Mr. Carroll raised issues (2)(c), (2)(d)(ii.),[17] and (2)(e) in his third post-conviction petition. The petition was dismissed and the dismissal, affirmed, because of untimeliness, independent and adequate state ground. Thus, these issues were procedurally defaulted. Mr. Carroll raised issue (2)(f) in his second post-conviction petition.[18] However, the second post-conviction petition was dismissed and leave to appeal the dismissal late was denied on independent and adequate state grounds. Thus, this issue was procedurally defaulted. Mr. Carroll never raised issue (2)(b) in state court. Therefore, he procedurally defaulted it.

Regarding issue (3)(a)(i.), Mr. Carroll suggested in his second post-conviction petition that his appellate counsel was ineffective for failing to argue that his trial counsel was ineffective because he did not challenge the indictment on the grounds that it was based on information obtained in violation of Mr. Carroll's marital privilege.[19] The second post-conviction petition was dismissed and leave to appeal the dismissal late was denied on independent and adequate state grounds. Thus, this issue was procedurally defaulted. Mr. Carroll never raised the other aspects of issue (3)(a)(i.) in state forum, thereby procedurally defaulting them.

 Mr. Carroll raised issues (3)(a)(ii.), (3)(a)(iii.),[20] (3)(a)(iv.), (3)(b), (3)(c),

---

17. As to issue (2)(d)(i.), Mr. Carroll's appellate counsel *did, in fact, argue* that the trial court improperly relied on the "compensation" aggravating factor. Therefore, Mr. Carroll's claim is baseless.

18. Mr. Carroll argued that his appellate counsel was ineffective for failing to argue that the imposition of the 55–year sentence was not warranted by the court's findings.

19. Mr. Carroll claimed that his appellate counsel was ineffective for failing to argue that his trial counsel was ineffective because, knowing that Mrs. Carroll was a source of evidence for the state, he encouraged her to persuade Mr. Carroll to plead guilty and did not inform the state that Mrs. Carroll was lying to the grand jury.

20. In addition, on appeal of his first post-conviction petition, Mr. Carroll argued that his appellate counsel was ineffective for failure to argue that trial counsel was ineffective because he did not argue in the motion to vacate guilty plea and sentence the trial court's erroneous reliance on the "compensation" aggravating factor. The appellate court reached the merits. However, the petitioner failed to appeal the appellate court's disposition to the Illinois Supreme Court. Thus, he procedurally defaulted the claim that his appellate counsel was ineffective for failing to argue that his trial counsel was ineffective viz-a-viz the "compensation" aggravating factor. *Cawley*, 71 F.3d at 694–96; *Jenkins*, 8 F.3d at 507; *United States ex rel. Nelson*, 935 F.Supp. at 993–94.

and (3)(d) in his third post-conviction petition, which was dismissed and whose dismissal was affirmed on the grounds of untimeliness, an independent and adequate state ground. Thus, these issues were procedurally defaulted. Finally, Mr. Carroll never raised issues (3)(a)(v.) and (3)(a)(vi.) in any state forum, thereby procedurally defaulting them. In summary, Mr. Carroll procedurally defaulted all issues he raises in his habeas corpus petition.[21]

### B. Cause–&–Prejudice

■ Procedural default may be overcome if Mr. Carroll can show "[(1)] adequate cause to excuse his failure to raise the claim in state court and [(2)] actual prejudice resulting from the default." *Farrell v. Lane*, 939 F.2d 409, 411 (7th Cir.1991).[22] According the most liberal construction to Mr. Carroll's submissions, *United States ex rel. Balderas v. Godinez*, 890 F.Supp. 732, 739 (N.D.Ill. 1995), the petitioner offers ineffective assistance of counsel as cause for procedurally defaulting his claims.[23] Ineffective assistance of counsel, if proven, can constitute "cause" for the purpose of procedural default.[24] *Barnhill v. Flannigan*, 42 F.3d 1074, 1078 (7th Cir.1994). However, before a petitioner can use ineffective assistance of counsel as cause for procedural default, "he must first present this claim as an *independent claim* to the state courts either on direct appeal or in post-conviction proceedings." *Lemons v. O'Sullivan*, 54 F.3d 357, 360 (7th Cir.1995) (emphasis added). If the ineffective assistance of counsel claim is itself procedurally defaulted, it cannot serve as cause to excuse procedural default of other claims. *Momient–El*, 118 F.3d 535, 542; *Lemons*, 54 F.3d at 360–61. Here, all claims of ineffective assistance of counsel needed to excuse default have themselves been procedurally defaulted. *See supra.* Any reliance on the ineffectiveness of post-conviction counsel to excuse procedural default is unavailing because "[i]neffective assistance of post-conviction counsel is not itself a cognizable federal constitutional violation and may not[, therefore,] serve as cause for a procedural default."

*Steward v. Gilmore*, 80 F.3d 1205, 1212 (7th Cir.1996); *Cawley*, 71 F.3d at 695–96.

### Conclusion

For the reasons stated above, the petition is denied.

---

21. Mr. Carroll argues that in the following instances the state either did not raise procedural default or admitted that the claim was not procedurally defaulted; thus, the state waived that defense: (1) trial counsel was ineffective in that he did not comply with Ill.Sup.Ct.R. 604(d); (2) appellate counsel was ineffective in that she did not raise trial counsel's ineffectiveness for failure to comply with Ill.Sup.Ct.R. 604(d); (3) Mr. Carroll's conviction was unclear; and (4) Mr. Carroll's sentence is grossly disparate viz-a-viz that of his codefendant. Having reviewed the state's submissions, I disagree with Mr. Carroll's contention with respect to claims (1) and (2). With respect to claim (4), in its answer to Mr. Carroll's amended petition, the state acknowledged that it made an error. In any event, a court may raise procedural default *sua sponte*, unless the government has unambiguously waived the defense, *Henderson v. Thieret*, 859 F.2d 492, 498 (7th Cir.1988), which is not the case here. *See also United States ex rel. Simpson v. Neal*, 746 F.Supp. 780, 793 & n. 12 (N.D.Ill.1990), *aff'd*, 986 F.2d 1424 (7th Cir.1993); *compare United States ex rel. Gonzalez v. DeTella*, 918 F.Supp. 1214, 1219 (N.D.Ill.1996) (total omission of default arguments signals intentional waiver by state).

22. Procedural default may also be overcome if the petitioner shows that "failure to consider the claim[ ] will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750, 111 S.Ct. at 2565. This exception is concerned with the extraordinary instance in which a constitutional violation caused the conviction of one innocent of the crime. *Murray v. Carrier*, 477 U.S. 478, 488, 106 S.Ct. 2639, 2645–46, 91 L.Ed.2d 397 (1986). Mr. Carroll does not argue that he did not commit armed robbery of which he stands convicted.

23. In addition to making this argument, Mr. Carroll merely reiterates the cause-and-prejudice boilerplate.

24. Cause may also be demonstrated by "external objective impediments" to compliance with state procedures, such as reasonable unavailability of factual or legal bases for a claim or interference by officials. *Cawley*, 71 F.3d at 696. Mr. Carroll does not argue the existence of such cause.